**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| A.W. CHESTERTON CO., INC. ) | Civil Action No. 04 12501 GAO |
| Plaintiff, ) | |
| v. ) | RECEIPT # 60395 |
| ST. PAUL FIRE AND MARINE ) | NOTICE OF REMOVAL  AMOUNT $ 150 |
| INSURANCE COMPANY ) | SUMMONS ISSUED N/A |
| MAGISTRATE JUDGE MBD | LOCAL RULE 4.1 |
| Defendant. ) | WAIVER FORM |
| | MCF ISSUED |
| | BY DPTY. CLK. TOM |
| | DATE 11/29/04 |

**To: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF MASSACHUSETTS**

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant, St. Paul Fire and Marine Insurance Company ("St. Paul") hereby files this Notice of Removal in connection with the above-entitled action and sets out below the grounds for this Notice of Removal.

1.      On October 18, 2004, plaintiff A.W. Chesterton Company, Inc. ("Chesterton") filed a complaint (the "Original Complaint") against "The St. Paul Travelers Companies, Inc." in the Superior Court of Middlesex County, Massachusetts.  On October 27, 2004, Chesterton, through the Massachusetts Division of Insurance, served process of the Original Complaint on St. Paul's registered agent, which St. Paul's registered agent received on October 29, 2004.

2.      On November 3, 2004, Chesterton filed an amended complaint (the "Amended Complaint") against St. Paul in the Superior Court of Middlesex County, Massachusetts.  On November 3, 2004, Chesterton, through the Massachusetts Division of Insurance, served process

of the Amended Complaint on St. Paul's registered agent, which St. Paul's registered agent received on November 15, 2004.

3.     The Amended Complaint seeks damages and declaratory relief in connection with a certain liability insurance policy issued or allegedly issued by St. Paul to Chesterton. The United States District Court for the District of Massachusetts has jurisdiction by reason of the diversity of citizenship of the parties.

4.     Plaintiff Chesterton seeks a declaration and damages the value of which exceeds $75,000, exclusive of interests and costs, as prescribed by 28 U.S.C. § 1332(a).

5.     At the time this action was commenced in the Superior Court for Middlesex County, Massachusetts, and at the present time, plaintiff Chesterton was, and is a citizen of Massachusetts. At the time this action was commenced, defendant St. Paul was, and is, a corporation organized under the laws of the Minnesota, with its principal place of business in the State of Minnesota. Thus, the plaintiff and the defendant are "citizens" of different states, as prescribed by 28 U.S.C. §1332(a)(1).

6.     A copy of all process and pleadings served upon defendant St. Paul are filed with this notice and are attached as Exhibit A.

7.     St. Paul will give written notice of the filing of this Notice as required by 28 U.S.C. § 1446(d), including filing a copy of this notice with the clerk of the Superior Court of Middlesex County, Massachusetts.

St. Paul Fire and Marine Insurance Company,
By its attorneys,

J. Patrick Kennedy
BBO# 565778
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
Telephone: (617) 368-2500
Facsimile: (617) 368-2525
Email: pkennedy@bulkley.com

Of Counsel

Harry Lee
March D. Coleman
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: (202) 429-8073
Facsimile: (202) 429-3902
Email: mcoleman@steptoe.com

Dated: November 24, 2004

## CERTIFICATE OF SERVICE

I, J. Patrick Kennedy, HEREBY CERTIFY that a true and correct copy of the foregoing

Notice of Removal was served on this 24th day of November, 2004, by first class mail, postage

prepaid, upon the following counsel of record:

Harry L. Manion III, Esq.
Martin F. Gaynor III, Esq.
Kathryn L. Colburn, Esq.
Cooley, Manion & Jones LLP
21 Custom House Street
Boston, Massachusetts 02110

J. Patrick Kennedy

284193-1

- 3 -

# CIVIL ACTION
# COVER SHEET

**04-4144**

Commonwealth of Massachusetts
Superior Court Department
County:

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| A.W. Chesterton Company | The St. Paul Travelers Companies ; |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE  617 737-3100 | ATTORNEY (if known)     unknown |
|---|---|
| Harry L. Manion, Martin F. Gaynor III | |
| Cooley Manion Jones LLP, 21 Custom House St. | |
| Board of Bar Overseers number: 564384   Boston, MA 02110 | |

## Origin code and track designation

Place an x in one box only:

- [XX] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)   TRACK | IS THIS A JURY CASE? |
|---|---|---|
| A99 | Breach of Ins. Contract (F | (XX) Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
4. Total physical therapy expenses . . . . . . . . . . . . . . . $. . . . . . . . . . .
5. Total other expenses (describe) . . . . . . . . . . . . . . . . $. . . . . . . . . . .

FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF ESSEX
OCT 18 2004
[signature]
CLERK

Subtotal $. . . . . . . . . . .

B. Documented lost wages and compensation to date . . . . . . . . . $. . . . . . . . . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe) . . . . . . . . . . . . $. . . . . . . . . . .

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)   $. . . . . . . . . . .

$. . . . . . . . . . .
TOTAL $. . . . . . . . . . .

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):   The Defendant issued an umbrella excess general liability policy to the Plaintiff, which covers asbestos-related liabilities. The Defendant has breached the contract by failing to pay loss or expenses as defined in the policy on account of asbestos-related claims against the Plainti

TOTAL $. . . . . . . . . . .
In excess of $5 mil

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record   [signature] Martin F. Gaynor III     DATE: 10-18-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO.

A.W. CHESTERTON COMPANY, INC.
    Plaintiff,

v.

THE ST. PAUL TRAVELERS COMPANIES,
INC.,
    Defendant.

04-4144



FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR

OCT 18 2004

CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.    The plaintiff, A.W. Chesterton Company, Inc. ("Chesterton") is a Massachusetts corporation with its principal place of business in Stoneham, Middlesex County, Massachusetts.

2.    Defendant The St. Paul Travelers Companies, Inc. ("St. Paul"), formerly St. Paul Fire and Marine Insurance Company, is a Minnesota corporation with its principal place of business in Saint Paul, Minnesota.  St. Paul is and/or at all relevant times mentioned herein was, engaged in the business of writing liability insurance policies in Massachusetts and elsewhere.

### JURISDICTION AND VENUE

3.    Jurisdiction in this Court is proper under Mass. Gen. L. ch. 223A because the defendant, within the time period relevant to the cause of action stated herein, has transacted business within Massachusetts, including contracting to supply services in

Massachusetts, contracting to insure persons, property or risks located within Massachusetts, and engaging in the business of writing or delivering liability insurance policies in Massachusetts. Moreover, the cause of action stated herein arises from the defendant's contracting to supply services in Massachusetts and contracting to insure risks located within Massachusetts at the time of contracting.

4.      Venue is proper because Chesterton has its principal place of business in Middlesex County.

## FACTUAL BACKGROUND

5.      Chesterton is a manufacturer of products that for many decades contained encapsulated asbestos. In excess of 400,000 claims, beginning in January, 1980, have been asserted against Chesterton by persons who allege that they have suffered personal injury as a result of exposure to asbestos fibers ("Underlying Claims"). Chesterton has spent millions of dollars defending and settling the Underlying Claims.

6.      During the period relevant to this action, Chesterton has been insured by means of primary comprehensive general liability policies, and several layers of excess insurance policies.

7.      In 1996, Chesterton filed a declaratory judgment action in this Court (Civil Action No. 96-4871) against its first layer excess carriers, American Home Assurance Company, United States Fire Insurance Company, The Continental Insurance Company, Northbrook Insurance Company, certain London Market Companies, First State Insurance Company, and Stonewall Insurance Company, and the Massachusetts Insurers Insolvency Fund ("MIIF"), seeking a determination of the scope of the insurers'

-2-

obligations to Chesterton under their policies and damages for the insurers' failure to perform their contractual obligations pursuant to the policies.

8.    A trial was held in June, 2002 ("the Phase I" Trial") to decide several issues including whether Chesterton had exhausted all primary comprehensive general liability insurance available to it that covered asbestos-related claims. The Superior Court issued a memorandum and decision following that trial in which the Court decided that Chesterton had in fact exhausted all primary coverage that was required to be exhausted. The Court then scheduled a second trial ("the Phase II Trial") to resolve various issues raised by the remaining defendants and to determine the amounts owed to Chesterton by those defendants. The Court resolved most of the legal issues raised by the defendants through a series of summary judgment motions. The Court issued decisions on the motions for summary judgment on May 20, 2003. The Court then scheduled the Phase II Trial for June 16, 2003 to resolve all outstanding issues of fact.

9.    Prior to the Phase II Trial, Chesterton settled with all of the defendants other than the MIIF. The Phase II Trial was then held in June, 2003 between Chesterton and the MIIF and the Court issued its final judgment in September, 2003.

10.    In its final judgment, the Court declared that Chesterton had exhausted all coverage provided by its primary policies that applied to asbestos-related claims. Specifically, Judge McLaughlin, sitting by special assignment, held, "[a]ll valid and collectible primary comprehensive general liability policies, the limits of which were required to have been exhausted prior to any obligation of the defendant excess insurance carriers to indemnify or defend, have been, in fact, exhausted."

- 3 -

11.    The defendant in this case, St. Paul, in consideration for premiums duly paid by Chesterton, issued a second-layer excess policy to Chesterton, bearing policy number 569XA5135, with an effective period of January 18, 1972 to July 1, 1974 (attached as Exhibit A).

12.    The policy obligates St. Paul to pay Chesterton's "loss," defined as "the sums paid in settlements of losses for which the Insured is liable..." in excess of the exhausted primary and first-layer excess policies that underlie the St. Paul policy.

13.    The St. Paul policy also obligates St. Paul to pay a proportional share of costs and expenses associated with the Underlying Claims against Chesterton.

14.    In nearly every Underlying Claim, the claimant alleges to have suffered asbestos-related injury during the time period in which the St. Paul policy was in effect, thereby triggering the St. Paul policy.

15.    Chesterton has exhausted all primary and first-layer excess policies required to be exhausted before the obligations of the St. Paul policy arise.

16.    On August 14, 1997, Chesterton put St. Paul on notice that it was being named as a defendant in a large number of lawsuits for asbestos-related personal injuries. Thereafter, Chesterton periodically updated St. Paul on the amount Chesterton was spending defending and settling Underlying Claims. Since at least early 2003, Chesterton has responded to numerous specific requests for information by St. Paul related to Chesterton's settlement payments, allocation methods, and exhaustion of primary and first-layer excess policies.

17.    Despite St. Paul's knowledge that it is obligated now to fulfill its insurance obligations to Chesterton, St. Paul has refused to do so.

- 4 -

18.   Chesterton has satisfied all conditions precedent to St. Paul's coverage obligations.

## COUNT I

## (BREACH OF CONTRACT)

19.   Chesterton restates the allegations contained in paragraphs 1 through 18.

20.   St. Paul has breached the terms of its policy by refusing to assume its indemnification and expense obligations with respect to asbestos-related claims against Chesterton.

21.   As a result of St. Paul's breach of contract, Chesterton has suffered damages and will suffer additional damages until St. Paul assumes its indemnification and expense obligations.

22.   St. Paul has breached the implied covenant of good faith and fair dealing implied in its policy by refusing to assume its indemnification and expense obligations.

WHEREFORE, Chesterton requests that the Court enter judgment in its favor:

a.   awarding Chesterton damages in an amount to be determined at trial together with interest, costs, and attorneys' fees; and

b.   granting Chesterton such other relief as may be appropriate.

## JURY DEMAND

Pursuant to Mass. R. Civ. P. 38(b), Chesterton demands a trial by jury on all issues so triable.

A.W. CHESTERTON COMPANY, INC.
by its attorneys,

Harry L. Manion III, BBO No. 317440
Martin F. Gaynor III, BBO No. 564384
Kathryn R. Colburn. BBO No. 653244
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110
(617) 737-3100

132171v2

EXHIBIT A

EXCESS THIRD PARTY LIABILITY POLICY

No. 569XA5135

NEW
FORMER POLICY NO.

A CAPITAL STOCK COMPANY
**ST. PAUL FIRE AND MARINE
INSURANCE COMPANY**
ST. PAUL, MINNESOTA



**THE ST. PAUL**
INSURANCE COMPANIES

Serving you around the world...around the clock

ITEM 1. Insured's Name and Mailing Address

A. W. CHESTERTON COMPANY &
COMMERCIAL CHEMICAL COMPANY, INC.
ASHLAND STREET
EVERETT, MASSACHUSETTS



| ITEM 2. POLICY PERIOD:* | | ITEM 3. LOCATION OF COVERAGE: | |
|---|---|---|---|
| FROM | TO | EVERETT, MASSACHUSETTS | and as further defined in the Primary Policy. |
| 1-18-72 | 4-17-74 | | |

*12:01 A.M., Standard time at the address of the Insured as stated herein.

ITEM 4. PRIMARY INSURANCE:

| INSURER'S NAME | POLICY NO'S. (Including Renewals or Replacements) | DESCRIPTION OF COVERAGE |
|---|---|---|
| UNITED STATES FIRE INS. CO. | DCL 92 10 75 | UMBRELLA EXCESS |

ITEM 5. LIMITS OF LIABILITY: The limit of the Company's liability shall be as stated herein, subject to all the terms of this Policy having reference thereto.

| SECTION I COMPANY LIMITS | IN. EXCESS OF | SECTION II UNDERLYING LIMITS | SECTION III TOTAL LIMITS | COVERAGE |
|---|---|---|---|---|
| $ | Each Person | $ | $ | A. Bodily Injury Automobile |
| $ | Each Accident or Occurrence | $ | $ | |
| $ | Each Person | $ | $ | B. Bodily Injury Except Automobile |
| $ | Each Accident or Occurrence | $ | $ | |
| $ | Aggregate Products | $ | $ | |
| $ | Each Accident or Occurrence | $ | $ | C. Property Damage Auto |
| $ | Each Accident or Occurrence | $ | $ | D. Property Damage Except Automobile |
| $ | Aggregate Operations | $ | $ | |
| $ | Aggregate Protective | $ | $ | |
| $ | Aggregate Products | $ | $ | |
| $ | Aggregate Contractual | $ | $ | |
| $ | Each Accident or Occurrence | $ | $ | E. Combined Single Limit Bodily Injury and/or Property Damage |
| $ | Aggregate | $ | $ | |
| $5,000,000.each occurrence | | $5,000,000. | $10,000,000 | F. Other |
| $5,000,000.00 Aggregate Products | | $5,000,000. | $10,000,000 | UMBRELLA EXCESS |

ITEM 6. PREMIUM COMPUTATION

| PREMIUM BASIS | ESTIMATED EXPOSURE | RATE | ESTIMATED PREM. | DEPOSIT PREM. | MINIMUM PREM. | AUDIT PERIOD |
|---|---|---|---|---|---|---|
| FLAT CHARGE | | FLAT | 1250. PER YR. | $ 304.00 $1250.00 | INSTALLMENT | |

*AUTHORIZED REPRESENTATIVE*

AWC 0045655

1-18-72
COUNTERSIGNATURE DATE

BOSTON  MASS
COUNTERSIGNED AT

14184ELP 2M 8-68 W Rev. 7-63

## INSURING AGREEMENT

In consideration of the payment of premium stated in the Declarations, the ST. PAUL FIRE AND MARINE INSURANCE COMPANY, herein called the Company, agrees to indemnify the Insured, in accordance with the applicable insuring agreements of the Primary Insurance, against loss subject to the limits stated in Item 5, Section I of the Declarations and as fully and to all intents and purposes as though the Primary Insurance had been issued for the limits set forth in Item 5, Section III of the Declarations. This Policy shall apply only to coverages for which an amount is indicated in Item 5, Section I, and then only in excess of the corresponding amount as indicated in Item 5, Section II of the Declarations.

## DEFINITIONS

1. **Loss.** The word "loss" shall be understood to mean the sums paid in settlements of losses for which the Insured is liable after making deductions for all other recoveries, salvages and other insurances (other than recoveries under the policy/ies of the Primary Insurer), whether recoverable or not, and shall exclude all expense and costs.

2. **Costs.** The word "costs" shall be understood to mean interest on judgments, investigations, adjustment and legal expenses (excluding, however, all expense for salaried employees and retained counsel of and all office expense of the Insured).

3. **Primary Insurance.** The term "primary insurance" shall be understood to mean the policy (policies) described in Item 4.

## NUCLEAR ENERGY LIABILITY EXCLUSION

It is agreed that the insurance afforded under any liability coverage of this Policy or of any endorsement used herewith does not apply:

1. Under any Liability Coverage, to injury, sickness, disease, death or destruction

   (a) with respect to which an Insured under the Policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the Insured is, or had this Policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

2. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

3. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if

   (a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (2) has been discharged or dispersed therefrom; or

   (b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or

   (c) the injury, sickness, disease, death or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

4. As used in this endorsement:

   "hazardous properties" include radioactive, toxic or explosive properties;

   "nuclear material" means source material, special nuclear material or byproduct material;

   "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

   "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

   "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;

   "nuclear facility" means

   (a) any nuclear reactor,

   (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,

   (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

   (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, and all operations conducted on such site and all premises used for such operations;

   "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

   With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

THIS SPACE FOR THE ATTACHMENT OF ENDORSEMENTS, IF ANY

AWC 0045656

## CONDITIONS

1. It is agreed that this Policy, except as herein stated, is subject to all conditions, agreements and limitations of and shall follow the Primary Insurance in all respects, including changes by endorsement and the Insured shall furnish the Company with copies of such changes. It is further agreed should any alteration be made in the premium for the policy/ies of the Primary Insurers during the period of this Policy, then the premium hereon other than the Minimum Premium shall be adjusted accordingly.

2. Notice of any accident, which appears likely to involve this Policy, shall be given to the Company, which at its own option, may, but is not required to, participate in the investigation, settlement or defense of any claim or suit. In the event expense and/or costs in connection with any claim or suit is incurred jointly by mutual consent of the Company and of the Insured or Primary Insurer, the Company, in addition to its limits of liability as expressed in Item 5, Section I of the Declarations, shall be liable for no greater proportion of such expense and/or costs than the amount payable by the Company under this Policy bears to the total loss payment.

3. With respect to each coverage in Item 5, Section I of the Declarations, the Bodily Injury Limit applicable to each accident is subject to the limit specified as applicable to each person. There is no limit to the number of accidents for which claims may be brought hereunder (provided such accidents occur during the period of this Policy) except as provided by aggregate limits which, with respect to Item 5, Section I, when inserted therein apply to all accidents happening during each twelve months' term of the Policy.

4. All salvages, recoveries or payments recovered or received subsequent to a loss settlement under the Policy shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and the Company, provided always that nothing in this Policy shall be construed to mean that losses under this Policy are not recoverable until the Insured's ultimate net loss has been finally ascertained.

5. This Policy may be cancelled by the named Insured by surrender thereof to the Company or any of its authorized agents, or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This Policy may be cancelled by the Company by mailing to the named Insured at the address shown in this Policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender, or the effective date and hour of cancellation stated in the notice, shall become the end of the Policy Period. Delivery of such written notice either by the named Insured or by the Company shall be equivalent to mailing.

If the named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

In the event of the cancellation or termination of the primary insurance or a renewal thereof, this Policy, to the extent of such cancellation or termination, shall cease to apply at the same time without notice to the Insured.

PROVISIONS REQUIRED BY LAW TO BE STATED IN THIS POLICY:—"This Policy is issued under and in pursuance of the laws of the State of Minnesota, relating to Guaranty Surplus and Special Reserve Funds." Chapter 437, General Laws of 1909.

IN WITNESS WHEREOF, the ST. PAUL FIRE AND MARINE INSURANCE COMPANY, has caused this Policy to be signed by its President and Secretary at St. Paul, Minnesota, and countersigned on the Declarations page by a duly authorized representative of the Company.

*Secretary.*

*President.*

AWC 0045657



**THE ST. PAUL**
COMPANIES

**ENDORSEMENT**

C

*The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 4-17-74 | A.W.Chesterton Company & Commercial Chemical Co. |

In consideration of an additional premium of $256.00 , it is understood and agreed that the policy period is amended to read :
1-18-72 to 7-1-74

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

Brewer & Lord
40 Broad Street
Boston,Mass. 02109
200241 db

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company.

_____
AUTHORIZED REPRESENTATIVE

14800-4 DEF REV. 8-64
PRINTED IN U.S.A.

AWC 0045658



**THE ST. PAUL**
COMPANIES

ENDORSEMENT

· The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 7/5/73 | A.W. Chesterton Company et al. |

It is agreed that the address of the Named Insured is amended as follows:

> Fallon Road
> Middlesex Industrial Park
> Stoneham, Mass.



AUG 1 0 1973

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

Brewer & Lord
40 Broad Street
Boston, Mass. 02109
200241

14600-4 REF. REV. 9-64
PRINTED IN U.S.A.

*In Witness Whereof,* the Company has caused this endorsement to be signed by its President at St. Paul, Minnesota and countersigned by a duly authorized representative of the Company.

President

AUTHORIZED REPRESENTATIVE

AWC 0045659



**THE ST. PAUL**
INSURANCE COMPANIES

                                                        ENDORSEMENT

*The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| S69XA5135 | 1-18-72 | |

IT IS HEREBY UNDERSTOOD AND AGREED THAT THE PREMIUM FOR THIS POLICY
IS PAYABLE AS FOLLOWS:

$304.00 PAYABLE ON 1-18-72
$1250.00 PAYABLE ON 4-17-72
$1250.00 PAYABLE ON 4-17-73

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

*In Witness Whereof,* the Company has caused this endorsement to be signed by its President at St. Paul, Minnesota and countersigned by a duly authorized representative of the Company.

Brewer & Lord                    Carl B. Drake Jr.
                                        President.

                                        AUTHORIZED REPRESENTATIVE

14600-8 REF REV. 8-64
PRINTED IN U.S.A.

AWC 0045660



**THE ST. PAUL**
INSURANCE COMPANIES

ENDORSEMENT

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 1-18-72 | A. W. CHESTERTON COMPANY & COMMERCIAL CHEMICAL CO., INC. |

IT IS UNDERSTOOD AND AGREED THAT ITEM 1, INSUREDS' NAME IS AMENDED TO
READ AS FOLLOWS:

        A. W. CHESTERTON COMPANY
        COMMERCIAL CHEMICAL COMPANY, INC. & CHESCO., INC.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions,
agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

BREWER & LORD
40 BROAD ST.
BOSTON, MA 02109

*In Witness Whereof,* the Company has caused
this endorsement to be signed by its President
at St. Paul, Minnesota and countersigned by a
duly authorized representative of the Company.

*President.*

AUTHORIZED REPRESENTATIVE

14600-6 DEF REV. 8-66
PRINTED IN U.S.A.

AWC 0045661

June 3, 1974

**BREWER & LORD**
FOUNDED 1859

TERMS: NET 30 DAYS
FROM ABOVE DATE

*Insurance*

40 BROAD STREET
BOSTON, MASS. 02109

Telephone
426-0830

560

A W CHESTERTON COMPANY
MIDDLESEX INDUSTRIAL
PARK - RTE 93
STONEHAM MASS                    02180

CH504    26

EXPIRING POLICY
NO. 56XA5135

TERMS: NET 30 DAYS FROM ABOVE DATE.
RECEIPT OF CHECK ACKNOWLEDGED ONLY WHEN REQUESTED SINCE PAID CHECK CONSTITUTES FULL RECEIPT

| EFF. DATE | POLICY | COMPANY | KIND OF POLICY | PREMIUM |
|---|---|---|---|---|
| 04 17 74 | 56XA5135 | ST PAUL F & M | Excess Liability | 256.00 |
| EXPIRES | | | | |
| 7 1 74 | | | | |

Extension Endorsement

*Please detach and return TOP portion of this bill to BREWER & LORD*

AWC 0045662

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-4144

.......... MIDDLESEX .......... , ss
[seal]

A.W. Chesterton Company, Inc.
......................................, Plaintiff(s)

v.

The St. Paul Travelers Companies, Inc.
........................................ , Defendant(s)

## SUMMONS

To the above-named Defendant: The St. Paul Travelers Companies, Inc., formerly St. Paul Fire and Marine Insurance Company

You are hereby summoned and required to serve upon .......................... Martin F. Gaynor III

.......................................... plaintiff's attorney, whose address is Cooley Manion Jones LLP

21 Custom House St., Boston MA 02110 ...., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at .. Cambridge ..............

.......................................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .... Boston ...........................................................

the .... twenty-second .............. day of .... October ......................................

...................., in the year of our Lord .. Two Thousand Four ..

A true copy Attest:

10-25-04    Deputy Sheriff Suffolk County

Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................

..............................................................................................................................................

..............................................................................................................................................

.....................................................................................

Dated: ......................................................................................................................

**N.B.  TO PROCESS SERVER:**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( .................................., ......... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.   04-4144

MIDDLESEX ......ss.

A.W. Chesterton Company, Inc. .........,Plff.

v.

The St. Paul Travelers Companies, Inc. .........,Deft.

SUMMONS
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 04-4144

A.W. CHESTERTON COMPANY, INC.
    Plaintiff,

    v.

ST. PAUL FIRE & MARINE INSURANCE
COMPANY
    Defendant.

)
)
)
)
)
)
)
)
)
)

## NOTICE OF AMENDMENT OF COMPLAINT
### AS A MATTER OF COURSE

Pursuant to Rule 15(a) of the Massachusetts Rules of Civil Procedure Plaintiff hereby amends, as a matter of course, its Complaint by substituting the name St. Paul Fire & Marine Insurance Company for The St. Paul Travelers Insurance Companies, Inc.

Mass.R.Civ.P. 15(a) permits this amendment to be made as of course because no answer has been filed and no order of dismissal has been entered.

Attorney for Plaintiff,

A.W. CHESTERTON COMPANY, INC.

Harry L. Manion III, BBO No. 317440
Martin F. Gaynor III, BBO No. 564384
Kathryn R. Colburn. BBO No. 653244
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

133396v1

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

SUPERIOR COURT DEPT.
CIVIL ACTION NO. 04-4144

A.W. CHESTERTON COMPANY, INC. )
    Plaintiff, )
                       )
                       )
       v. )
                       )
ST. PAUL FIRE & MARINE INSURANCE )
COMPANY )
    Defendant. )
                       )

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.    The plaintiff, A.W. Chesterton Company, Inc. ("Chesterton") is a Massachusetts corporation with its principal place of business in Stoneham, Middlesex County, Massachusetts.

2.    Defendant St. Paul Fire & Marine Insurance Company ("St. Paul"), is a Minnesota corporation with its principal place of business at 385 Washington Street, Saint Paul, Minnesota 55102. St. Paul is and/or at all relevant times mentioned herein was, engaged in the business of writing liability insurance policies in Massachusetts and elsewhere.

### JURISDICTION AND VENUE

3.    Jurisdiction in this Court is proper under Mass. Gen. L. ch. 223A because the defendant, within the time period relevant to the cause of action stated herein, has transacted business within Massachusetts, including contracting to supply services in

Massachusetts, contracting to insure persons, property or risks located within Massachusetts, and engaging in the business of writing or delivering liability insurance policies in Massachusetts. Moreover, the cause of action stated herein arises from the defendant's contracting to supply services in Massachusetts and contracting to insure risks located within Massachusetts at the time of contracting.

4.    Venue is proper because Chesterton has its principal place of business in Middlesex County.

## FACTUAL BACKGROUND

5.    Chesterton is a manufacturer of products that for many decades contained encapsulated asbestos. In excess of 400,000 claims, beginning in January, 1980, have been asserted against Chesterton by persons who allege that they have suffered personal injury as a result of exposure to asbestos fibers ("Underlying Claims"). Chesterton has spent millions of dollars defending and settling the Underlying Claims.

6.    During the period relevant to this action, Chesterton has been insured by means of primary comprehensive general liability policies, and several layers of excess insurance policies.

7.    In 1996, Chesterton filed a declaratory judgment action in this Court (Civil Action No. 96-4871) against its first layer excess carriers, American Home Assurance Company, United States Fire Insurance Company, The Continental Insurance Company, Northbrook Insurance Company, certain London Market Companies, First State Insurance Company, and Stonewall Insurance Company, and the Massachusetts Insurers Insolvency Fund ("MIIF"), seeking a determination of the scope of the insurers'

obligations to Chesterton under their policies and damages for the insurers' failure to perform their contractual obligations pursuant to the policies.

8.    A trial was held in June, 2002 ("the Phase I" Trial") to decide several issues including whether Chesterton had exhausted all primary comprehensive general liability insurance available to it that covered asbestos-related claims. The Superior Court issued a memorandum and decision following that trial in which the Court decided that Chesterton had in fact exhausted all primary coverage that was required to be exhausted. The Court then scheduled a second trial ("the Phase II Trial") to resolve various issues raised by the remaining defendants and to determine the amounts owed to Chesterton by those defendants. The Court resolved most of the legal issues raised by the defendants through a series of summary judgment motions. The Court issued decisions on the motions for summary judgment on May 20, 2003. The Court then scheduled the Phase II Trial for June 16, 2003 to resolve all outstanding issues of fact.

9.    Prior to the Phase II Trial, Chesterton settled with all of the defendants other than the MIIF. The Phase II Trial was then held in June, 2003 between Chesterton and the MIIF and the Court issued its final judgment in September, 2003.

10.    In its final judgment, the Court declared that Chesterton had exhausted all coverage provided by its primary policies that applied to asbestos-related claims. Specifically, Judge McLaughlin, sitting by special assignment, held, "[a]ll valid and collectible primary comprehensive general liability policies, the limits of which were required to have been exhausted prior to any obligation of the defendant excess insurance carriers to indemnify or defend, have been, in fact, exhausted."

11.    The defendant in this case, St. Paul, in consideration for premiums duly paid by Chesterton, issued a second-layer excess policy to Chesterton, bearing policy number 569XA5135, with an effective period of January 18, 1972 to July 1, 1974 (attached as Exhibit A).

12.    The policy obligates St. Paul to pay Chesterton's "loss," defined as "the sums paid in settlements of losses for which the Insured is liable..." in excess of the exhausted primary and first-layer excess policies that underlie the St. Paul policy.

13.    The St. Paul policy also obligates St. Paul to pay a proportional share of costs and expenses associated with the Underlying Claims against Chesterton.

14.    In nearly every Underlying Claim, the claimant alleges to have suffered asbestos-related injury during the time period in which the St. Paul policy was in effect, thereby triggering the St. Paul policy.

15.    Chesterton has exhausted all primary and first-layer excess policies required to be exhausted before the obligations of the St. Paul policy arise.

16.    On August 14, 1997, Chesterton put St. Paul on notice that it was being named as a defendant in a large number of lawsuits for asbestos-related personal injuries. Thereafter, Chesterton periodically updated St. Paul on the amount Chesterton was spending defending and settling Underlying Claims.  Since at least early 2003, Chesterton has responded to numerous specific requests for information by St. Paul related to Chesterton's settlement payments, allocation methods, and exhaustion of primary and first-layer excess policies.

17.    Despite St. Paul's knowledge that it is obligated now to fulfill its insurance obligations to Chesterton, St. Paul has refused to do so.

18.    Chesterton has satisfied all conditions precedent to St. Paul's coverage obligations.

## COUNT I

## (BREACH OF CONTRACT)

19.    Chesterton restates the allegations contained in paragraphs 1 through 18.

20.    St. Paul has breached the terms of its policy by refusing to assume its indemnification and expense obligations with respect to asbestos-related claims against Chesterton.

21.    As a result of St. Paul's breach of contract, Chesterton has suffered damages and will suffer additional damages until St. Paul assumes its indemnification and expense obligations.

22.    St. Paul has breached the implied covenant of good faith and fair dealing implied in its policy by refusing to assume its indemnification and expense obligations.

WHEREFORE, Chesterton requests that the Court enter judgment in its favor:

a.    awarding Chesterton damages in an amount to be determined at trial together with interest, costs, and attorneys' fees; and

b.    granting Chesterton such other relief as may be appropriate.

## JURY DEMAND

Pursuant to Mass. R. Civ. P. 38(b), Chesterton demands a trial by jury on all issues so triable.

A.W. CHESTERTON COMPANY, INC.
by its attorneys,

Harry L. Manion III, BBO No. 317440
Martin F. Gaynor III, BBO No. 564384
Kathryn R. Colburn. BBO No. 653244
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
(617) 737-3100

133377v1

- 6 -

EXHIBIT A

### EXCESS THIRD PARTY LIABILITY POLICY

No. 569XA5135
NEW
FORMER POLICY NO.

A CAPITAL STOCK COMPANY
**ST. PAUL FIRE AND MARINE
INSURANCE COMPANY**
ST. PAUL, MINNESOTA



**THE ST. PAUL**
INSURANCE COMPANIES

*Serving you around the world... around the clock*

**ITEM 1. Insured's Name and Mailing Address**

A. W. CHESTERTON COMPANY &
COMMERCIAL CHEMICAL COMPANY, INC.
ASHLAND STREET
EVERETT, MASSACHUSETTS



| ITEM 2. POLICY PERIOD: FROM | TO | ITEM 3. LOCATION OF COVERAGE: | |
|---|---|---|---|
| 1-18-72 | 4-17-74 | EVERETT, MASSACHUSETTS | and as further defined in the Primary Policy. |

*12:01 A.M., Standard time at the address of the Insured as stated herein.

**ITEM 4. PRIMARY INSURANCE:**

| INSURER'S NAME | POLICY NO'S. (Including Renewals or Replacements) | DESCRIPTION OF COVERAGE |
|---|---|---|
| UNITED STATES FIRE INS. CO. | DCL 92 10 75 | UMBRELLA EXCESS |

**ITEM 5. LIMITS OF LIABILITY:** The limit of the Company's liability shall be as stated herein, subject to all the terms of this Policy having reference thereto.

| SECTION I COMPANY LIMITS | IN EXCESS OF | SECTION II UNDERLYING LIMITS | SECTION III TOTAL LIMITS | COVERAGE |
|---|---|---|---|---|
| $ Each Person | | $ | $ | A. Bodily Injury Automobile |
| $ Each Accident or Occurrence | | $ | $ | |
| $ Each Person | | $ | $ | B. Bodily Injury Except Automobile |
| $ Each Accident or Occurrence | | $ | $ | |
| $ Aggregate Products | | $ | $ | |
| $ Each Accident or Occurrence | | $ | $ | C. Property Damage Auto |
| $ Each Accident or Occurrence | | $ | $ | D. Property Damage Except Automobile |
| $ Aggregate Operations | | $ | $ | |
| $ Aggregate Protective | | $ | $ | |
| $ Aggregate Products | | $ | $ | |
| $ Aggregate Contractual | | $ | $ | |
| $ Each Accident or Occurrence | | $ | $ | E. Combined Single Limit Bodily Injury and/or Property Damage |
| $ Aggregate | | $ | $ | |
| $5,000,000.each occurrence $5,000,000.00 Aggregate | | $5,000,000. $5,000,000. | $10,000,000 $10,000,000. | F. Other UMBRELLA EXCESS |

**ITEM 6. PREMIUM COMPUTATION** Products.

| PREMIUM BASIS | ESTIMATED EXPOSURE | RATE | ESTIMATED PRM. | DEPOSIT PRM. | MINIMUM PRM. | AUDIT PERIOD |
|---|---|---|---|---|---|---|
| FLAT CHARGE | | FLAT | 1250.PER YR. | $ 304.00 $1250.00 | INSTALLMENT | |

*Blewer & Sul*
AUTHORIZED REPRESENTATIVE

1-18-72
COUNTERSIGNATURE DATE

BOSTON MASS.
COUNTERSIGNED AT

AWC 0045655

14184ELP 2M 8-68 W Rev. 7-63

## INSURING AGREEMENT

In consideration of the payment of premium stated in the Declarations, the ST. PAUL FIRE AND MARINE INSURANCE COMPANY, herein called the Company, agrees to indemnify the Insured, in accordance with the applicable insuring agreements of the Primary Insurance, against loss subject to the limits stated in Item 5, Section I of the Declarations and as fully and to all intents and purposes as though the Primary Insurance had been issued for the limits set forth in Item 5, Section III of the Declarations. This Policy shall apply only to coverages for which an amount is indicated in Item 5, Section I, and then only in excess of the corresponding amount as indicated in Item 5, Section II of the Declarations.

## DEFINITIONS

1. **Loss.**  The word "loss" shall be understood to mean the sums paid in settlements of losses for which the Insured is liable after making deductions for all other recoveries, salvages and other insurances (other than recoveries under the policy/ies of the Primary Insurer), whether recoverable or not, and shall exclude all expense and costs.

2. **Costs.**  The word "costs" shall be understood to mean interest on judgments, investigations, adjustment and legal expenses (excluding, however, all expense for salaried employees and retained counsel of and all office expense of the Insured).

3. **Primary Insurance.**  The term "primary insurance" shall be understood to mean the policy (policies) described in Item 4.

## NUCLEAR ENERGY LIABILITY EXCLUSION

It is agreed that the insurance afforded under any liability coverage of this Policy or of any endorsement used herewith does not apply:

1. Under any Liability Coverage, to injury, sickness, disease, death or destruction
   (a) with respect to which an Insured under the Policy is also an Insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an Insured under any such policy but for its termination upon exhaustion of its limit of liability; or
   (b) resulting from the hazardous properties of nuclear material and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the Insured is, or had this Policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

2. Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to immediate medical or surgical relief, to expenses incurred with respect to bodily injury, sickness, disease or death resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.

3. Under any Liability Coverage, to injury, sickness, disease, death or destruction resulting from the hazardous properties of nuclear material, if
   (a) the nuclear material (1) is at any nuclear facility owned by, or operated by or on behalf of, an Insured or (2) has been discharged or dispersed therefrom;
   (b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported or disposed of by or on behalf of an Insured; or
   (c) the injury, sickness, disease, death or destruction arises out of the furnishing by an Insured of services, materials, parts or equipment in connection with the planning, construction, maintenance, operation or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions or Canada, this exclusion (c) applies only to injury to or destruction of property at such nuclear facility.

4. As used in this endorsement:
   "hazardous properties" include radioactive, toxic or explosive properties;
   "nuclear material" means source material, special nuclear material or byproduct material;
   "source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;
   "spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;
   "waste" means any waste material (1) containing byproduct material and (2) resulting from the operation by any person or organization of any nuclear facility included within the definition of nuclear facility under paragraph (a) or (b) thereof;
   "nuclear facility" means
   (a) any nuclear reactor,
   (b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing or packaging waste,
   (c) any equipment or device used for the processing, fabricating or alloying of special nuclear material if at any time the total amount of such material in the custody of the Insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,
   (d) any structure, basin, excavation, premises or place prepared or used for the storage or disposal of waste, and includes the site on which any of the foregoing is located, all operations conducted on such site and all premises used for such operations;
   "nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;
   With respect to injury to or destruction of property, the word "injury" or "destruction" includes all forms of radioactive contamination of property.

## THIS SPACE FOR THE ATTACHMENT OF ENDORSEMENTS, IF ANY

AWC 0045656

## CONDITIONS

1.  It is agreed that this Policy, except as herein stated, is subject to all conditions, agreements and limitations of and shall follow the Primary Insurance in all respects, including changes by endorsement and the Insured shall furnish the Company with copies of such changes. It is further agreed should any alteration be made in the premium for the policy/ies of the Primary Insurers during the period of this Policy, then the premium hereon other than the Minimum Premium shall be adjusted accordingly.

2.  Notice of any accident, which appears likely to involve this Policy, shall be given to the Company, which at its own option, may, but is not required to, participate in the investigation, settlement or defense of any claim or suit. In the event expense and/or costs in connection with any claim or suit is incurred jointly by mutual consent of the Company and of the Insured or Primary Insurer, the Company, in addition to its limits of liability as expressed in Item 5, Section I of the Declarations, shall be liable for no greater proportion of such expense and/or costs than the amount payable by the Company under this Policy bears to the total loss payment.

3.  With respect to each coverage in Item 5, Section I of the Declarations, the Bodily Injury limit applicable to each accident is subject to the limit specified as applicable to each person. There is no limit to the number of accidents for which claims may be brought hereunder (provided such accidents occur during the period of this Policy) except as provided by aggregate limits which, with respect to Item 5, Section I, when inserted therein apply to all accidents happening during each twelve months' term of the Policy.

4.  All salvages, recoveries or payments recovered or received subsequent to a loss settlement under the Policy shall be applied as if recovered or received prior to such settlement and all necessary adjustments shall then be made between the Insured and the Company, provided always that nothing in this Policy shall be construed to mean that losses under this Policy are not recoverable until the Insured's ultimate net loss has been finally ascertained.

5.  This Policy may be cancelled by the named Insured by surrender thereof to the Company or any of its authorized agents, or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This Policy may be cancelled by the Company by mailing to the named Insured at the address shown in this Policy written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of the surrender, or the effective date and hour of cancellation stated in the notice, shall become the end of the Policy Period. Delivery of such written notice either by the named Insured or by the Company shall be equivalent to mailing.

    If the named Insured cancels, earned premium shall be computed in accordance with the customary short rate table and procedure. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

    In the event of the cancellation or termination of the primary insurance or a renewal thereof, this Policy, to the extent of such cancellation or termination, shall cease to apply at the same time without notice to the Insured.

PROVISIONS REQUIRED BY LAW TO BE STATED IN THIS POLICY.—"This Policy is issued under and in pursuance of the laws of the State of Minnesota, relating to Guaranty Surplus and Special Reserve Funds." Chapter 437, General Laws of 1909.

IN WITNESS WHEREOF, the ST. PAUL FIRE AND MARINE INSURANCE COMPANY, has caused this Policy to be signed by its President and Secretary at St. Paul, Minnesota, and countersigned on the Declarations page by a duly authorized representative of the Company.

*Secretary.*

*President.*

AWC 0045657

**THE ST. PAUL**
COMPANIES

ENDORSEMENT

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 4-17-74 | A.W.Chesterton Company & Commercial Chemical Co. |

In consideration of an additional premium of $256.00 , it is understood and agreed that the policy period is amended to read :
1-18-72  to 7-1-74

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

&bull;   Brewer & Lord
40 Broad Street
Boston,Mass.  02109
200241 db

*In Witness Whereof,* the Company has caused this endorsement to be signed by a duly authorized representative of the Company.

*Brewer & Lord*

AUTHORIZED REPRESENTATIVE

14400-4 REF REV. 9-66
PRINTED IN U.S.A.

AWC 0045658

THE ST. PAUL
COMPANIES

ENDORSEMENT

The following spaces preceded by an asterisk (*) need not be completed if this endorsement and the policy have the same inception date.

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 7/5/73 | A.W. Chesterton Company et al. |

It is agreed that the address of the Named Insured is amended as follows:

Fallon Road
Middlesex Industrial Park
Stoneham, Mass.

AUG 10 1973

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

Brewer & Lord
40 Broad Street
Boston, Mass. 02109
200241

*In Witness Whereof,* the Company has caused this endorsement to be signed by its President at St. Paul, Minnesota and countersigned by a duly authorized representative of the Company.

AUTHORIZED REPRESENTATIVE

14600-6 REF REV. 8-64
PRINTED IN U.S.A.

AWC 0045659



**THE ST. PAUL**
INSURANCE COMPANIES

ENDORSEMENT

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 1-18-72 | |

IT IS HEREBY UNDERSTOOD AND AGREED THAT THE PREMIUM FOR THIS POLICY
IS PAYABLE AS FOLLOWS:

```
        $304.00  PAYABLE ON 1-18-72
       $1250.00  PAYABLE ON  4-17-72
       $1250.00  PAYABLE ON  4-17-73
```

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

*In Witness Whereof,* the Company has caused this endorsement to be signed by its President at St. Paul, Minnesota and countersigned by a duly authorized representative of the Company..

Brewer & Lord

Earl B. Drake
President

AUTHORIZED REPRESENTATIVE

14400-4 SEF REV. 8-84
PRINTED IN U.S.A.

AWC 0045660

**THE ST. PAUL**
INSURANCE COMPANIES



ENDORSEMENT

*The following spaces preceded by an asterisk (\*) need not be completed if this endorsement and the policy have the same inception date.*

| ATTACHED TO AND FORMING PART OF POLICY NO. | *EFFECTIVE DATE OF ENDORSEMENT | *ISSUED TO |
|---|---|---|
| 569XA5135 | 1-18-72 | A. W. CHESTERTON COMPANY & COMMERCIAL CHEMICAL CO., INC. |

IT IS UNDERSTOOD AND AGREED THAT ITEM 1, INSUREDS' NAME IS AMENDED TO READ AS FOLLOWS:

A. W. CHESTERTON COMPANY
COMMERCIAL CHEMICAL COMPANY, INC. & CHESCO., INC.

Nothing herein contained shall be held to vary, alter, waive or extend any of the terms, conditions, provisions, agreements or limitations of the above mentioned Policy, other than as above stated.

*Agency Name and Address*

BREWER & LORD
40 BROAD ST.
BOSTON, MA 02109

*In Witness Whereof,* the Company has caused this endorsement to be signed by its President at St. Paul, Minnesota and countersigned by a duly authorized representative of the Company.

President.

AUTHORIZED REPRESENTATIVE

14600-4 DEF REV. 8-64
PRINTED IN U.S.A.

AWC 0045661

June 3, 1974

**BREWER & LORD**
FOUNDED 1859

*Insurance*

TERMS: NET 30 DAYS
FROM ABOVE DATE

40 BROAD STREET
BOSTON, MASS. 02109

Telephone
426-0830

560

A W CHESTERTON COMPANY
MIDDLESEX INDUSTRIAL
PARK — RTE 93
STONEHAM MASS              02180

Ch504    26

EXPIRING POLICY
NO. 56XA5135

TERMS: NET 30 DAYS FROM ABOVE DATE.
RECEIPT OF CHECK ACKNOWLEDGED ONLY WHEN REQUESTED SINCE PAID CHECK CONSTITUTES FULL RECEIPT

| EFF. DATE | POLICY | COMPANY | KIND OF POLICY | PREMIUM |
|---|---|---|---|---|
| 04 17 74 | 56XA5135 | ST PAUL F & M | Excess Liability | 256.00 |

| EXPIRES |
|---|
| 7 1 74 |

Extension Endorsement

Please detach and return TOP portion of this bill to BREWER & LORD

AWC 0045662

COMMONWEALTH OF MASSACHUSETTS
DIVISION OF INSURANCE
ONE SOUTH STATION
BOSTON, MASS 02110

St. Paul Fire & Marine Insurance Company
c/o Corporation Service Company
84 State Street
Boston, MA 02109

TO PLAINTIFF'S ATTORNEY:  PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.   04-4144

............ MIDDLESEX ............ , ss
[seal]

A.W. Chesterton Company, Inc.

.................................................. , Plaintiff(s)

St. Paul Fire & Marine Insurance Company

.................................. , Defendant(s)

### SUMMONS

To the above-named Defendant:  St. Paul Fire & Marine Insurance Company

You are hereby summoned and required to serve upon ... Martin F. Gaynor III ...............

.............................................. plaintiff's attorney, whose address is  Cooley Manion Jones LLP

21 Custom House St., Boston, MA 02110 an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at  Cambridge ...............

.................................................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Suzanne V. DelVecchio

Witness, R................... squire, at ......... Boston ..........................................

the  fourth .......................................... day of .. November ...................................

...................., in the year of our Lord .... Two Thousand Four.

A true copy Attest:

| 11-9-04 | Deputy Sheriff Suffolk County

*Edward J Sullivan*

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) A.W. Chesterton Company, Inc. v. St. Paul Fire & Marine Insurance Company

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| ☐ | I. | 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT. |
| ☐ | II. | 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. |
| ☒ | III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. |
| ☐ | IV. | 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. |
| ☐ | V. | 150, 152, 153. |

*Also complete AO 120 or AO 121 for patent, trademark or copyright cases

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

A.W. Chesterton Company, Inc. v. St. Paul Fire & Marine Insurance Company, Middlesex Superior Court Civil Action No. 04-4144

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒    NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
   Eastern Division ☒    Central Division ☐    Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
   Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  J. Patrick Kennedy, BBO# 565778
ADDRESS  Bulkley, Richardson and Gelinas, LLP, One Post Office Sq., Ste 3700, Boston, MA 02109
TELEPHONE NO.  617-368-2500

(Coversheetlocal.wpd - 10/17/02)

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

A.W. Chesterton Company, Inc.

## DEFENDANTS

St. Paul Fire & Marine Insurance Company

**(b)** County of Residence of First Listed Plaintiff **Middlesex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Harry L. Manion, III; Martin F. Gaynor, III
Cooley, Manion Jones LLP
21 Custom House Street, Boston, MA 02110
617-737-3100

Attorneys (If Known)

J. Patrick Kennedy
Bulkley, Richardson and Gelinas, LLP
One Post Office Sq., Ste. 3700, Boston, MA 02109
617-368-2500

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PLF | DEF | | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

### CONTRACT

- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury Med. Malpractice
- ☐ 365 Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### REAL PROPERTY

- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### CIVIL RIGHTS

- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS

- ☐ 510 Motions to Vacate Sentence Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY

- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR

- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY

- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS

- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY

- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS

- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES

- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION   (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

Breach of insurance contract action filed in Middlesex Superior Court; removed to U.S. District Court based upon complete diversity between the parties

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** in excess of $5 million

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

NONE

(See instructions):

JUDGE

DOCKET NUMBER

DATE  11/24/04

SIGNATURE OF ATTORNEY OF RECORD
_J. Patrick Kennedy_  BBO #565778

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE