F I L E D
Clerk's Office
USDC, Mass.
Date *11·29·04*
By _____
Deputy Clerk

## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| A.W. CHESTERTON CO., INC. ) | Civil Action No. 04-CV-12501 GAO |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ANSWER** |
| ) | |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY ) | |
| ) | |
| Defendant. ) | |

Defendant the St. Paul Fire and Marine Insurance Company ("St. Paul"), by and through counsel, hereby answers the Amended Complaint of A.W. Chesterston Company, Inc. ("Plaintiff").

### RESPONSES TO NUMBERED PARAGRAPHS

St. Paul responds to the numbered paragraphs of Plaintiff's Amended Complaint as follows:

1.      St. Paul admits upon information and belief that Plaintiff is a Massachusetts corporation with its principal place of business in Massachusetts. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.      St. Paul admits that St. Paul Fire and Marine Insurance Company is an insurance company incorporated in Minnesota and maintains its principle place of business in Minnesota. St. Paul further admits that it is authorized to transact the business of insurance in the State of

Massachusetts and in other states. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

3.    This paragraph contains conclusions of law, and not allegations of fact to which a response is required. Additionally, no response to this paragraph is required because this action has been removed to this Court from the Superior Court of Middlesex County, Massachusetts. To the extent a response is required, St. Paul admits that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.

4.    This paragraph contains conclusions of law, and not allegations of fact to which a response is required. Additionally, no response to this paragraph is required because this action has been removed to this Court from the Circuit Court of Middlesex County. To the extent a response is required, St. Paul admits that venue is proper in this Court under 28 U.S.C. §1391(a)(1) and (2).

5.    St. Paul admits upon information and belief that certain claimants have filed suit against Chesterton alleging bodily injury due to exposure to asbestos contained in certain products allegedly manufactured and/or distributed by Chesterton. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

6.    St. Paul admits upon information and belief that Chesterton procured certain primary and excess-layer commercial general liability insurance policies, which policies speak for themselves. St. Paul without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

7.     St. Paul admits upon information and belief that Chesterton filed a complaint in the Superior Court for Middlesex County, Civil Action No. 96-4871, which complaint speaks for itself. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

8.     St. Paul admits upon information and belief that the Superior Court in Civil Action No. 96-4871 issued certain unpublished rulings and decisions in that action, which speak for themselves. St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language contained in any ruling or decision rendered by the trial court in Civil Action No. 96-4871. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

9.     St. Paul admits that Chesterton advised St. Paul that Chesterton entered into settlement agreements with certain insurance companies who were defendants in Civil Action No. 96-4871. St. Paul is without sufficient knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

10.    St. Paul admits upon information and belief that the trial court in Civil Action No. 96-4871 issued certain unpublished rulings and decisions, which speak for themselves. St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language contained in any ruling or order rendered by the trial court in Civil Action No. 96-4871. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

11.    St. Paul admits that it issued Chesterton excess liability insurance policy number 569XA5135, which policy speaks for itself (referred to hereinafter as the "St. Paul Policy"). To

the extent the allegations in this paragraph are contrary to or mischaracterize the language of the St. Paul Policy, they are denied.

12.    St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language of the St. Paul Policy, which speaks for itself. The remaining allegations in this paragraph contain conclusions of law, and not allegations of fact to which a response is required. In all other respects, St. Paul denies the allegations in this paragraph.

13.    St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language of the St. Paul Policy. The remaining allegations in this paragraph contain conclusions of law, and not allegations of fact to which a response is required. In all other respects, St. Paul denies the allegations in this paragraph.

14.    St. Paul admits that certain claimants have filed suit against Chesterton alleging bodily injury due to exposure to asbestos. St. Paul lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding what particular tort claimants allege as to Chesterton or otherwise, and therefore denies them. The remaining allegations in this paragraph state legal conclusions to which no response is required. In all other respects, St. Paul denies the allegations in this paragraph.

15.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

16.    St. Paul admits that St. Paul Fire and Marine Insurance Company received a letter dated August 14, 1997, from Martin F. Gaynor III, Esq., which letter speaks for itself. St. Paul also admits that Chesterton provided St. Paul certain information relating to amounts Chesterton

- 4 -

claims to have paid to defend and settle asbestos bodily injury claims, which information speaks for itself. St. Paul also admits that, since 2003, Chesterton has provided St. Paul certain information relating to the payment of claims, and what Chesterston contends is the current impairment of certain policies' applicable limits with respect to such claims. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

17.    Denied.

18.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## COUNT 1:  BREACH OF CONTRACT

19.    St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 18 above.

20.    Denied.

21.    Denied.

22.    Denied.

The Prayer for Relief contains legal conclusions and characterizations of the relief sought in this action by Plaintiff, to which no response is required; however, to the extent that a response may be required, St. Paul denies that Plaintiff is entitled to the relief sought against St. Paul in this action or any other relief.

All other allegations in the Amended Complaint to which St. Paul has not responded in the foregoing paragraphs are denied.

## JURY DEMAND

The Jury Demand does not contain any affirmative allegation that requires a response.

## AFFIRMATIVE DEFENSES

St. Paul asserts the following defenses with respect to Plaintiff's claims. Nothing herein may be construed to suggest that St. Paul bears the burden of proof on any of the issues set forth below.

## FIRST AFFIRMATIVE DEFENSE

The Amended Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy to the extent that applicable limits in all underlying insurance policies are not exhausted.

## THIRD AFFIRMATIVE DEFENSE

The St. Paul Policy provides coverage only for "loss" that the insured becomes legally obligated to pay for "personal injury" or "property damage." Plaintiff's claims are barred to the extent Plaintiff does not become legally obligated to pay "loss" for "personal injury" or "property damage" as a result of the suits alleged in the Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

The St. Paul Policy provides coverage only for damages for "personal injury" or "property damage" caused by an "accident" or "occurrence." Plaintiff's claims are barred to the extent the suits alleged in the Amended Complaint do not seek recovery of damages arising out of an "accident" or "occurrence" within the meaning of the St. Paul Policy.

## FIFTH AFFIRMATIVE DEFENSE

The St. Paul Policy provides no coverage for the suits alleged in the Amended Complaint to the extent they seek equitable relief and/or are founded upon equitable remedies, including injunctive relief, as the St. Paul Policy does not provide coverage for such relief.

## SIXTH AFFIRMATIVE DEFENSE

The St. Paul Policy provides coverage only for "occurrences" or "accidents" that result in "personal injury" or "property damage" during the relevant policy period. To the extent Plaintiff seeks coverage under the St. Paul Policy for occurrences or accidents not resulting in personal injury or property damage within the policy period, St. Paul has no liability under the St. Paul Policy.

## SEVENTH AFFIRMATIVE DEFENSE

The St. Paul Policy does not provide coverage for personal injury or property damage that was expected or intended from the standpoint of the insured. To the extent that any injuries were expected or intended, St. Paul has no liability under the St. Paul Policy.

## EIGHTH AFFIRMATIVE DEFENSE

The St. Paul Policy does not provide coverage for personal injury or property damage resulting from (i) known risks of which the insured possessed knowledge and information at the time the policy became effective and/or (ii) losses in progress at the time the policy became effective. To the extent that personal injury or property damage resulted from such known risks or losses in progress, St. Paul has no liability under the St. Paul Policy for the claims and actions referred to in the Amended Complaint.

## NINTH AFFIRMATIVE DEFENSE

The St. Paul Policy is void ab initio, and St. Paul has no liability under it, to the extent that its insured failed to disclose, or concealed or misrepresented facts material to the issuance of the St. Paul Policy or engaged in any fraud or false swearing relating to that policy.

## TENTH AFFIRMATIVE DEFENSE

St. Paul has no obligations under the St. Paul Policy unless and until all terms and provisions, including conditions precedent or subsequent, of the St. Paul Policy have been satisfied. To the extent the insured has not satisfied such conditions precedent or subsequent, St. Paul has no liability under the St. Paul Policy.

## ELEVENTH AFFIRMATIVE DEFENSE

The St. Paul Policy requires that the insured provide St. Paul with timely written notice of any occurrence, claim or suit to which the policy might apply. Plaintiff's claims are barred to the extent Plaintiff has not satisfied such obligations.

### TWELFTH AFFIRMATIVE DEFENSE

The St. Paul Policy provides no coverage for the claims and actions referred to in the Amended Complaint to the extent that an insured, after it has become aware of any personal injury or property damage to which the policy might apply, has failed to take all reasonable steps to prevent further damage or injury or to mitigate any damages arising therefrom.

### THIRTEENTH AFFIRMATIVE DEFENSE

St. Paul has no obligations under the St. Paul Policy unless and until all deductibles or self-insured retentions applicable to a claim have been exhausted. St. Paul's obligations under the St. Paul Policy is also limited by applicable per occurrence and aggregate limits of liability stated therein, and by contract provisions concerning other insurance, prior insurance, and/or non-cumulation of liability.

### FOURTEENTH AFFIRMATIVE DEFENSE

St. Paul has no obligation to provide coverage under the St. Paul Policy for any liabilities or monetary obligations assumed or monies paid by its insured before the claim for coverage was tendered and/or for any liabilities or monetary obligations assumed or monies paid by its insured voluntarily or without St. Paul's consent.

### FIFTEENTH AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy for punitive or exemplary damages. Plaintiff's claims are barred to the extent the suits alleged in the Amended Complaint seek such damages. Similarly, St. Paul has no obligation to provide coverage to the extent that coverage is

sought for costs incurred as a result of statutory violations, for criminal fines or sanctions, or for civil fines, penalties or sanctions.

## SIXTEENTH AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy for any damages resulting from Plaintiff's acts or failures to act to the extent that such acts or failures to act were in violation of public policy or law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

St. Paul is not obligated to indemnify its insured for losses that have not yet arisen and/or for amounts that have not yet been paid.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the statute of limitations and/or laches.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel and/or waiver.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by application of the collateral estoppel doctrine.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

There is no coverage under the St. Paul Policy to the extent the suits alleged in the Amended Complaint seek recovery to prevent, or prospectively compensate those bringing suit for, future injury or damage resulting from conditions that are the same as or similar to those alleged to exist currently, as such recovery does not constitute damages for bodily injury or property damage resulting from an occurrence or accident within the meaning of the St. Paul Policy.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The St. Paul Policy does not have any obligation to pay defense costs or expenses.

## RESERVATION OF RIGHTS

St. Paul has not had the opportunity to take any discovery. St. Paul hereby reserves the right to amend this Answer upon discovery of facts or circumstances that justify amendment.

## PRAYER FOR RELIEF

WHEREFORE, St. Paul prays that:

(a) The claims asserted against it in the Amended Complaint be dismissed with prejudice;

(b) Judgment be entered directing that Plaintiff take nothing from St. Paul in this action; and

(c)  St. Paul be awarded its reasonable costs and attorneys fees, and such other and further

relief as may be appropriate.


St. Paul Fire and Marine Insurance Company
By its attorneys,


_____ /s/ J. Patrick Kennedy _____
J. Patrick Kennedy
BBO# 565778
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
Telephone:  (617) 368-2500
Facsimile:  (617) 368-2525
Email:  pkennedy@bulkley.com

Of Counsel

Harry Lee
March D. Coleman
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  (202) 429-8073
Facsimile:  (202) 429-3902
Email:  mcoleman@steptoe.com

Dated:  November 29, 2004


284322-1