UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| A.W. CHESTERTON CO., INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-CV-12501 GAO |
| ST. PAUL FIRE AND MARINE INSURANCE COMPANY, | ) | |
| Defendant. | ) | |

**ST. PAUL FIRE AND MARINE INSURANCE COMPANY'S MEMORANDUM IN OPPOSITION TO A.W. CHESTERTON'S MOTION TO AMEND AND REMAND**

**I.   PRELIMINARY STATEMENT**

Defendant St. Paul Fire and Marine Insurance Company ("St. Paul"), by counsel, pursuant to 28 U.S.C. 1447(e), hereby submits this memorandum in opposition to plaintiff A.W. Chesterton Inc.'s motion for leave to amend its complaint and to remand this action to the Middlesex Superior Court (the "Motion").

Chesterton's Motion should be denied because it improperly seeks to join the Massachusetts Insurance Insolvency Fund (the "Fund") as a defendant in this case.[1]  Both Chesterton and the Fund are Massachusetts citizens for diversity purposes.  Thus, permitting Chesterton to join the Fund would destroy diversity jurisdiction and require this Court to remand this case to state court.  Chesterton's attempt to join the Fund to this action is neither necessary

---

[1] St. Paul does not oppose Chesterton's attempt to join Fireman's Fund Insurance Company ("Fireman's Fund") and Atlanta Insurance Company ("Atlanta") as defendants to this case.

nor appropriate and, therefore, strongly suggests that Chesterton's motivation is to destroy federal jurisdiction.

Chesterton ostensibly seeks to join the Fund to obtain a declaration that the Fund has a first-dollar duty to defend Chesterton against asbestos-related bodily injury claims ("Subject Claims") that are asserted against Chesterton. Yet, Chesterton and the Fund are currently litigating this precise issue in separate litigation pending in Massachusetts state court. Consequently, there is no legitimate reason (and Chesterton does not articulate one) for this Court to permit Chesterton to defeat this Court's subject matter jurisdiction in order to join a party in connection with a claim that Chesterton is litigating in a separate forum.

## II.   BACKGROUND

### A.   Litigation Between Chesterton and The Fund

In 1996, Chesterton commenced a lawsuit in the Superior Court of Middlesex County, Massachusetts (the "State Court") against Midland Insurance Company ("Midland"), which issued Chesterton four first-layer excess insurance policies, and other insurers who issued Chesterton excess policies in the same layer (collectively, the "Umbrella Litigation"). In the Umbrella Litigation, Chesterton sought a judicial declaration regarding the parties' rights and obligations under the first-layer excess policies with respect to Subject Claims. In light of Midland's insolvency, the Fund became the party in interest with respect to the Midland Policies. Before trial, all of the insurers in the Umbrella Litigation settled with the exception of the Fund. Chesterton and The Fund ultimately tried their issues before the State Court judge.

On September 2, 2003, the State Court issued a final judgment in connection with the litigation between Chesterton and the Fund (the "State Court Judgment"). The State Court Judgment contains the following rulings with respect to the manner and extent to which the Fund has a duty to defend Chesterton under the insolvent Midland Policies:

>It is ORDERED, ADJUDGED, and DECLARED:
>
>[3.] That the Fund is obligated to defend Chesterton as to claims or actions that assert of [sic] adumbrate a claim that the inured [sic] party inhaled asbestos before or during a policy period of any of the valid Midland policies and there had been no diagnosis, death, or claim made prior to the commencement date of said policies. This obligation is conditioned as set forth in paragraph (5) below and the Fund has no further obligation to defense as to a specific policy when the indemnity limits of such policy have been exhausted.
>
>[5.] That the Fund has no duty to defend actions against A.W. Chesterton **unless Chesterton establishes that there is no policy from a solvent carrier which provides a duty to defend coverage that has not been exhausted. Chesterton does not have to establish that all or any "ultimate net loss' coverages have been exhausted as a precondition for the Fund to have a duty to defend.**
>
>[6.] That the monetary limits of the Fund's obligations are: (a) $299,999 in the aggregate for each bodily injury claim arising out of the inhalation of asbestos, including, within the $299,999 limitation, consortium claims and derivative claims; and (b) $299,999 for legal fees and costs incurred in the defense of each bodily injury claim.

*See* Affidavit of March D. Coleman ("Coleman Aff. ¶ __") ¶ 2, Ex. A (emphasis added).

The Fund has appealed these rulings (and others) to the Massachusetts Court of Appeals. *See* Coleman Aff. ¶ 3, Ex. B.[2]  That appeal is pending.

### B.    Procedural History Of This Case

On October 18, 2004, Chesterton filed a complaint against "The St. Paul Travelers Companies, Inc." in the Superior Court of Middlesex County, Massachusetts.  On November 3, 2004, Chesterton filed an amended complaint.  On November 24, 2004, St. Paul removed the

---

[2] Chesterton also has appealed certain rulings contained in the State Court's final judgment.

case to this Court. On February 18, 2005 -- nearly three months after removal -- Chesterton filed the extant Motion.

### III. ARGUMENT

When, as here, a plaintiff seeks to join a non-diverse defendant after the case has been removed to federal court, the district court's analysis is governed by 28 U.S.C. §1447(e), which provides the district court with two options: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

Chesterton contends that Rule 15 of the Federal Rules of Civil Procedure provides the applicable standard here. *See* Chesterton Memorandum In Support ("Mem. at __") at 3-4. Chesterton's purported reliance on Rule 15 is wholly misplaced. Although Rule 15's liberal standard generally governs whether a court should grant a party's motion for leave to amend a pleading, courts apply much stricter scrutiny where, as is the case here, a plaintiff seeks to join a non-diverse party post-removal. *See, e.g.*, *Casas Office Machines, Inc. v. Mita Copystar, Inc.*, 42 F.3d 668, 675 n.8 (1st Cir. 1995); *Stewart v. Marriott Courtyard et al.*, 2003 WL 22883629 at * 1 (E.D. La. Dec. 5, 2003) ("Suffice it to say, the right to freely amend as set forth in Fed.R.Civ.P. 15 does not apply in this instance, involving a post-removal amendment adding non-diverse defendants"); *Hensgens v. Deere & Company*, 833 F.2d 1179, 1182 (5th Cir. 1987) ("The district court, when faced with an amended naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment.").

In *Mita Copystar*, the First Circuit cited favorably the factors set forth in the Fifth Circuit's decision of *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987), to determine whether a district court should permit a plaintiff to add, post-removal, a non-diverse party under

- 4 -

§1447(e). *Mita Copystar*, 42 F.3d at 675 n.8. These factors are (1) the plaintiff's motivation in seeking to join the additional party (i.e., whether the amendment is designed to destroy federal subject matter jurisdiction); (2) the defendant's interest in a federal forum; (3) the prejudice, if any, to the plaintiff if the amendment is not granted; and (4) the timeliness of the request to amend. *See Hensgens*, 833 F.2d at 1182. Applying these factors compels the conclusion that Chesterton's Motion should be denied.

### A. Chesterton's Motion To Join The Fund Is Designed To Defeat Federal Subject Matter Jurisdiction

There is no legitimate reason for the Fund to be a party to this lawsuit. Chesterton did not name the Fund as a defendant when it originally sued St. Paul in state court, nor did it name the Fund when it amended the complaint shortly thereafter. Tellingly, Chesterton only sought to join the Fund as a party after St. Paul removed this case to federal court. This sequence of events strongly suggests that Chesterton's primary motivation in seeking to join the Fund is to destroy federal jurisdiction. *See, e.g., O'Connor v. Automobile Ins. Co of Hartford*, 846 F.Supp. 39, 41 (E.D. Tex. 1994) (finding that plaintiff's proposed joinder of non-diverse party after removal was designed to defeat federal jurisdiction because plaintiff referred to the non-diverse party in the complaint plaintiff filed in state court but did not seek to join the party until defendant removed the case to federal court); *see generally Mayes v. Rapoport*, 198 F.3d 457, 463 (4th Cir. 1999) ("Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

Chesterton also does not articulate any rational explanation as to why the Fund should be a defendant in this action. As previously discussed, the Fund has assumed certain statutory obligations under several <u>first-layer</u> excess insurance policies issued by Midland (a now

insolvent carrier) to Chesterton.[3]  In contrast, St. Paul and the two other insurers whom Chesterton seeks to join as defendants -- Fireman's Fund Insurance Company ("Fireman's Fund") and Atlanta International Insurance Company ("Atlanta") (St. Paul, Fireman's Fund, and Atlanta are collectively referred to hereinafter as the "Excess Carriers") -- issued Chesterton <u>second-layer</u> excess policies.  The crux of Chesterton's claims against the Excess Carriers is that the applicable limits of the coverage underlying the Excess Carriers' policies (*i.e.*, the primary and first-layer coverage) have exhausted.  Relying on this argument, Chesterton seeks a declaration that the Excess Carriers' policies are now responsible for indemnifying Chesterton for covered "loss" associated with the Subject Claims.

In contrast, if its Motion is granted, Chesterton would seek entirely different relief against the Fund:  namely, a declaration that the Fund has a duty to defend Chesterton with respect to the Subject Claims.  The fundamental flaw in Chesterton's argument that the Fund should be a defendant in this case regarding the "duty to defend" issue is that Chesterton and the Fund ***are currently actively litigating this issue in the State Court Action***.  Chesterton acknowledges that the State Court Judgment "makes clear that, once no other insurer has a duty to defend Chesterton against Underlying Claims, the [Fund] has that duty."  Mem. at 6.  In the proposed second amended complaint attached to the Motion, Chesterton alleges that "[t]here is no solvent carrier that provides unexhausted duty-to-defend coverage."  ¶ 57.  In other words, Chesterton does not assert or seek to litigate in this action that the Excess Carriers' second-layer excess policies at issue have a duty to defend obligation.  Thus, there is no possibility that a decision in

---

[3]  Excess insurance is coverage that attaches only after a predetermined amount of primary coverage has been exhausted.  *See, e.g.*, *Hertz Corp. v. Federal Ins. Co.*, 245 Conn. 374, 376 n.1 (1998) (citing Ostrager & Newman, *Handbook on Insurance Coverage Dispute* §6.03 (8th ed. 1995)).

this case will impact the "duty to defend" issue that Chesterton and the Fund are litigating in the State Court Action.

Chesterton nevertheless contends that the Fund should be joined in this case because Chesterton "anticipates" that the Fund will argue that the "duty to defend coverage" language contained in paragraph five (5) of the State Court Judgment means not only a first-dollar duty to defend (which is typically contained in primary liability insurance policies), but also a duty to reimburse Chesterton for defense costs and expenses as part of "ultimate net loss" covered under the Excess Carriers' policies.  *See* Mem. at 6 ("Chesterton anticipates that the [Fund] will litigate the scope of the duty of St. Paul, Fireman's, and Atlanta, in an attempt to reduce its duty-to-defend obligations.").

In other words, Chesterton speculates that the Fund will interpret Paragraph 5 of the State Court Judgment more restrictively than Chesterton concerning when the Fund's duty to defend is triggered.  Chesterton's argument is specious, however, because Chesterton and the Fund will litigate this very issue in connection with the appeal of the State Court Judgment.  Indeed, as previously discussed, the Fund has specifically noticed an appeal with respect to Paragraph 5 of the State Court Judgment.  *See* Coleman Aff. ¶ 3, Ex. B ¶ 3 .  Because Chesterton and the Fund will have a full opportunity to litigate this issue in connection with the State Court Action, there is no legitimate reason why Chesterton should be able to join the Fund in this case to destroy federal jurisdiction.

### B.   St. Paul Has a Strong Interest in Litigating This Case in Federal Court

The second factor is the defendant's interest in maintaining a federal forum in which to litigate the claims asserted against it.  *See e.g.*, *Hensgens*, 833 F.Supp. at 1182 (stating that "the addition of a non-diverse party must not be permitted without consideration of the original

defendant's interest in the choice of forum"). St. Paul properly removed this case to federal court based on diversity jurisdiction under 28 U.S.C. §1332 and, as an out-of-state corporation, has a strong interest in litigating this case in this Court. As previously discussed, Chesterton's Motion, if granted, would destroy St. Paul's interest in maintaining a federal forum. This factor plainly weighs in favor of denying Chesterton's Motion.

### C.     Chesterton Will Not be Prejudiced If the Court Denies Its Motion to Join the Fund

Chesterton will not suffer any prejudice if the Court does not permit it to join the Fund in this case. Chesterton contends that "if amendment is not allowed and the case is not remanded, Chesterton will be forced to litigate two proceedings in different forums," which Chesterton asserts creates the possibility of "inconsistent results." Mem. at 5. There are several flaws in this argument.

<u>First</u>, Chesterton initially sued St. Paul in a separate Massachusetts state court action. Therefore, Chesterton itself opted to litigate two proceedings in two different forums (i.e. Chesterton's litigation against the Fund, and its separate action filed against St. Paul). Consequently, Chesterton should not be heard to complain about the consequences of two separate actions.

<u>Second</u>, despite stating that not permitting it to join the Fund as a party to this action would create the "possibility of inconsistent results," Mem. at 6, Chesterton does not (and cannot) articulate what the "inconsistent result" would be. As previously discussed, the primary issue in this case is whether the applicable limits of coverage that are in the layers beneath the Excess Carriers' second-layer excess policies have exhausted. Chesterton has conceded (as it must) that none of the second-layer excess policies have a duty to defend. Therefore, a

determination by this Court regarding underlying exhaustion should have no bearing on the completely separate issue of whether the Fund has a duty to defend Chesterton with respect to Subject Claims. The Massachusetts state court will decide the latter issue.

### D.   The Timing of Chesterton's Motion to Amend

St. Paul removed this action on November 24, 2004. Chesterton did not file the Motion until February 18, 2005. Although this three-month period may not be dilatory *per se*, this delay certainly does not militate in favor of granting Chesterton's Motion.

### IV.   CONCLUSION

St. Paul properly removed this case to federal court, and has a strong interest in defending itself in this forum. By seeking to join the Fund, Chesterton attempts improperly to defeat St. Paul's interest. Chesterton offers no credible reason why the Fund should be joined as a party to this action. The sole issue that Chesterton seeks to litigate against the Fund in this action -- whether the Fund has a present duty to defend Chesterton with respect to Subject Claims -- is an issue that Chesterton and the Fund are currently litigating in a separate State Court Action. All of the relevant factors point against remand. For these reasons, St. Paul respectfully submits that this Court should deny Chesterton's Motion.

St. Paul Fire and Marine Insurance Company,
By its attorneys,


    */s/ J. Patrick Kennedy*
J. Patrick Kennedy
BBO# 565778
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, Massachusetts 02109
Telephone: (617) 368-2500
Facsimile:  (617) 368-2525
Email: pkennedy@bulkley.com

>Of Counsel
>
>Harry Lee
>March D. Coleman
>STEPTOE & JOHNSON LLP
>1330 Connecticut Avenue, N.W.
>Washington, D.C. 20036
>Telephone: (202) 429-8073
>Facsimile: (202) 429-3902
>Email: mcoleman@steptoe.com

Dated: March 8, 2005

**REQUEST FOR ORAL ARGUMENT**

    Pursuant to Local Rule 7.1(D), St. Paul hereby requests that the Court schedule a hearing on the Motion and St. Paul's Opposition before issuing a ruling. St. Paul believes that oral argument may assist the Court, and wishes to be heard before the Court decides the Motion.

>*/s/ J. Patrick Kennedy*
>J. Patrick Kennedy

292065-1

- 10 -