UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON CO., INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ST. PAUL FIRE AND MARINE )<br>INSURANCE COMPANY )<br>)<br>Defendant. )<br>) | Civil Action No. 04-CV-12501 GAO |

### AFFIDAVIT OF MARCH D. COLEMAN

I, March D. Coleman, state that I have personal knowledge of the matters set forth in this Affidavit and aver as follows:

1. I am an associate with the law firm of Steptoe & Johnson, LLP. I am one of the counsel representing defendant St. Paul Fire and Marine Insurance Company ("St. Paul").

2. Attached hereto as Exhibit A is a copy of the judgment entered on September 2, 2003 by the Superior Court of Middlesex County, Massachusetts in the litigation captioned as A.W. Chesterton Co., Inc. v Northbrook Excess & Surplus Ins. Co. Inc., et al., Civil Docket # MICV1996-04871.

3. Attached hereto as Exhibit B is a copy of the Massachusetts Insurers Insolvency Fund's Notice of Appeal that was filed in the Superior Court of Middlesex County, Massachusetts in the litigation captioned as A.W. Chesterton Co., Inc. v. Northbrook Excess & Surplus Ins. Co., Inc., Civil Docket # MICV1996-04871.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____
March D. Coleman

Executed on March 8, 2005

# EXHIBIT A

**Commonwealth of Massachusetts**
County of Middlesex
The Superior Court

CIVIL DOCKET# MICV1996-04871

AW Chesterton Co, Inc.
vs
Northbrook Excess & Surplus Inc, et al   /42

## JUDGMENT

This action came on before the Court, David A. McLaughlin, Justice, presiding, and the Court having filed its Findings Of Fact, Rulings Of Law and Memorandum Of Decision and upon consideration thereof,

**It is ORDERED, ADJUDGED and DECLARED:**

That all valid and collectible primary comprehensive general liability policies, the limits of which were required to have been exhausted prior to any obligation of the defendant excess insurance carriers to indemnify or defend, have been, in fact, exhausted.

That the policy issued by Midland to Chesterton for the period February 1, 1983 to February 1, 1984 was obtained due to a misrepresentation which increased the risk of loss and, therefore, it is void. There were no misrepresentations associated with the Midland policies covering the periods February 1, 1980 to February 1, 1981 to February 1, 1982; and February 1, 1982 to February 1, 1983.

That the Midland policies for the periods 2/1/80 to 2/1/81, 2/1/81 to 2/1/82, 2/1/82 to 2/1/83 and 2/1/83 to 2/1/84 are determined to provide, subject to the terms and conditions of those policies and the provisions of G.L. c. 175D, coverage for all claims in which there was bodily injury in one or more of those policy periods. The Fund's duty to indemnify is not limited to claims wherein it is alleged that the bodily injury resulted from inhalation of asbestos fibers during a period in which a valid Midland policy provided coverage to Chesterton. The Fund must provide indemnity coverage, as limited by the decisions in this case, for any claims wherein it is alleged that there was a valid Midland policy in existence during any period between the date of the claimant's first inhalation of asbestos fibers and the date of diagnosis, death, or claim. (The Fund's obligation with respect to claims fully covered by both a Midland policy and a policy issued by a solvent insurer is the subject of paragraph (5) below).

That the Fund is obligated to defend Chesterton as to claims or actions that assert of adumbrate a claim that the inured party inhaled asbestos before or during a

cvdjudgen.vpd 2432856 memord smithbil

**Commonwealth of Massachusetts**
County of Middlesex
The Superior Court

policy period of any of the valid Midland policies and there had been no diagnosis, death, or claim made prior to the commencement date of said policies. This obligation is conditioned as set forth in paragraph (5) below and the Fund has no further obligation to defend as to a specific policy when the indemnity limits of such policy have been exhausted.

That the Fund has no obligations to make indemnity payments because of any bodily injury claims against Chesterton until and unless Chesterton demonstrates that it has exhausted the limits of all indemnity coverages provided by solvent excess carriers applicable to such claims.

That the Fund has no duty to defend actions against A.W. Chesterton unless Chesterton establishes that there is no policy from a solvent carrier which provides a duty to defend coverage that has not been exhausted. Chesterton does not have to establish that all or any "ultimate net loss" coverages have been exhausted as a precondition for the Fund to have a duty to defend.

That the monetary limits of the Fund's obligations are: (a) $299,999 in the aggregate for each bodily injury claim arising out of the inhalation of asbestos, including, within the $299,999 limitation, consortium claims and derivative claims; and (b) $299,999 for legal fees and costs incurred in the defense of each bodily injury claim.

Dated at Cambridge, Massachusetts this 2nd day of September, 2003.

Edward J. Sullivan,
Clerk of the Courts

By: ........................................
Assistant Clerk

cvdjudgen.vpd 2432856 memord smithbil

# EXHIBIT B

12/23/03 15:14 FAX                    NIXON PEABODY LLP                              ⌀002/004

COPY



# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                            SUPERIOR COURT
                                                          CIVIL ACTION NO. 96-4871

A. W. CHESTERTON COMPANY          )
                                  )
           Plaintiff,             )
                                  )
v.                                )
                                  )
NORTHBROOK EXCESS AND             )
SURPLUS INSURANCE COMPANY         )
and MASSACHUSETTS INSURERS        )
INSOLVENCY FUND, et al.           )
                                  )
           Defendants.            )
                                  )

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

DEC 17 2003

Edward J. Sullivan
CLERK

## MASSACHUSETTS INSURERS INSOLVENCY FUND'S NOTICE OF APPEAL

Defendant/Appellant Massachusetts Insurers Insolvency Fund (the "Fund") hereby appeals the judgment, orders and decisions of the Court as follows:

1. The Court's Memorandum of Decision and Order on Massachusetts Insurers Insolvency Fund's Motion for Partial Summary Judgment on the Duty to Defend, dated May 20, 2003, and the sixth paragraph of the Judgment, dated September 2, 2003;

2. The Court's Memorandum of Decision and Order on Massachusetts Insurers Insolvency Fund's Motion for Partial Summary Judgment Against all Parties Regarding Trigger of Coverage, dated May 20, 2003, and the third paragraph of the Judgment, dated September 2, 2003;

3. Order Nos. 1, 3, 4, 5 and 6 of the Court's Memorandum of Decision and Order on Massachusetts Insurers Insolvency Fund's Motion for Partial Summary Judgment Against all Parties Regarding Exhaustion, dated May

- 2 -

20, 2003, and the fifth and sixth paragraphs of the Judgment, dated September 2, 2003;

4. All aspects of the Court's Findings of Fact, Rulings of Law and Memorandum of Decision, dated August 5, 2003 (the "August 5, 2003, Findings"), denying the Fund's claim that Midland Policy Nos. UL 703764, UL 715793 and UL 716482 are void under G.L. c. 175, § 186, including Order Nos. 2 (second sentence), 3 and 4 of the August 5, 2003, Findings, the second sentence of the second paragraph of the Judgment, dated September 2, 2003, and the Court's evidentiary rulings during the trial thereon, including, but not limited to, the exclusion of certain correspondence from J.H. Albert and Fred S. James and handwritten notes dated April 7, 1980;

5. All aspects of the Court's Memorandum of Decision and Order on the Issue of Whether All Relevant Primary Insurance Policies Have Been Exhausted, dated January 28, 2003, and the first paragraph of the Judgment, dated September 2, 2003, other than the Court's determination of the proper method for allocating indemnity payments;

6. The Court's Order dated August 19, 2003, denying the Massachusetts Insurers Insolvency Fund's Motion for Access to Settlement Agreements; and

7. The Court's Order dated August 19, 2003, allowing the Motion for Entry of Judgment of Dismissal with Prejudice.

BOS1302209.6

- 3 -

Respectfully submitted,

MASSACHUSETTS INSURERS
INSOLVENCY FUND

By its attorneys,

*[signature]*
Joseph C. Tanski, Esq. (BBO #492180)
Gregory P. Deschenes, Esq. (BBO #550830)
Gregg A. Rubenstein, Esq. (BBO #639680)
NIXON PEABODY LLP
101 Federal Street
Boston, MA 02110
(617) 345-1000

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail-hand on 12/17/03
*[signature]*

Dated: December 17, 2003

BOS1302209.6