UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| A.W. CHESTERTON COMPANY, INC., | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 04-CV-12501 GAO |
| v. | ) ) | |
| ST. PAUL FIRE & MARINE INSURANCE CO., | ) ) ) | |
| Defendant. | ) ) | |

**PROPOSED DEFENDANT MASSACHUSETTS INSURERS
INSOLVENCY FUND'S RESPONSE TO PLAINTIFF'S MOTION FOR
LEAVE TO AMEND COMPLAINT AND REMAND**

Proposed defendant Massachusetts Insurers Insolvency Fund ("Fund") hereby responds to A.W. Chesterton, Inc.'s ("Chesterton") Motion for Leave to Amend Complaint and to Remand ("Motion"). Resolution of the issues asserted in the proposed Amended Complaint will directly affect the rights and responsibilities of the Fund and complete relief cannot be afforded to the present parties without the Fund. Joinder is therefore necessary and appropriate. Because joinder is appropriate and doing so will destroy diversity, the matter must be remanded to the Massachusetts Superior Court pursuant to 28 U.S.C. § 1447(e).[1]

---

[1] Both Chesterton and St. Paul Fire and Marine Insurance Company agree that if the Fund is joined as a party, the matter must be remanded. (See Plaintiff's Motion at ¶ 6; Defendant's Opposition at 1.) The Fund agrees with this analysis and therefore limits its response to the issue of whether it must or should be joined.

BOS1473357.3

**ARGUMENT**

I.  **THE FUND IS AN INDISPENSABLE PARTY AND MUST BE JOINED.**

Resolution of Chesterton's motion is governed by 28 U.S.C. § 1447(e). As the First Circuit explained in Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 (1994):

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). [citation omitted] If, on the other hand, the defendants is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.

Because Chesterton seeks a declaratory judgment as to the parties' rights and obligations under certain insurance contracts and the Fund will be affected by such declaration, it is an indispensable party. See Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co., 416 F.2d 707, 710 (7th Cir. 1969) ("To avoid a partial disposition of a controversy, all persons who have an interest in the determination of the questions raised in the declaratory judgment suit should be before the court."); Robinson v. Commissioner of Jurors, 419 F. Supp. 1189, 1191 (S.D.N.Y. 1976) (same) (citing Diamond Shamrock); cf. Casas Office Machs., 42 F. 3d at 677 (finding proposed defendant dispensable due to plaintiff's waiver of its claim for declaratory relief). Given Chesterton's request for declaratory relief, the Fund is an indispensable party and remand is required.

A.  Resolution of the Insurers' Duty to Defend Requires the Fund be Joined.

The Fund must be joined because a determination of the rights and obligations of St. Paul Fire and Marine Insurance Company's ("St. Paul") and the other proposed defendants' policies affects the rights and responsibilities of the Fund. Specifically, the St. Paul policy and the

policies of the other proposed insurers each provide that they will pay, in addition to their indemnification limits, defense and investigation costs in certain circumstances. (See Proposed Second Amended Complaint and Demand for Jury Trial, Ex. A, ¶ 2 at AWC45657; Ex. B, ¶ 4 at AWC44810; Ex. C, ¶ 15 at AWC45793.) Chesterton alleges that these provisions require St. Paul and the proposed additional solvent insurers to pay for certain defense costs. (Proposed Second Amended Complaint and Demand for Jury Trial, ¶¶ 28, 43 and 58.) The Fund agrees with this position, but upon information and belief, St. Paul denies it has any defense obligation. Because the Massachusetts Superior Court has held that the Fund has no obligation to pay Chesterton's defense costs until Chesterton has exhausted all available solvent insurers' duty to defend obligations, resolution of this issue directly affects all proposed parties.

If the Fund is not joined, and is not bound by this Court's decision on the solvent insurers' duty to defend Chesterton, Chesterton will be required to institute a second action to establish the Fund's current duty to defend. Moreover, contrary to St. Paul's argument that this issue will be resolved in the appeal of the earlier action between Chesterton and the Fund (St. Paul brief at 7), it will not. Rather, the appeal will only decide the proper standard for determining whether Chesterton has exhausted all available defense coverage, not whether particular coverage, including St. Paul's, has been exhausted. The result, therefore, of not joining the Fund to this action would be unnecessarily delaying final resolution of important matters and possible inconsistent judicial determinations. See Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987) (listing threat of multiple litigation as factor to consider in permitting joinder under 28 U.S.C. § 1447(e) (cited by Casas Office Machs., 42 F.3d at 675 n.8). Accordingly, the Court should join the Fund to conserve judicial resources and avoid multiple litigation of a single issue.

BOS1473357.3

B.      Resolution of the Insurers' Indemnity Obligation Requires the Fund be Joined.

The Fund must be joined because a determination of St. Paul's indemnity obligation effects the rights and responsibilities of the Fund. Pursuant to the judgment in the state court action between Chesterton and the Fund, the Fund must indemnify Chesterton upon Chesterton showing it has exhausted all available solvent indemnification coverage. Before any exhaustion determination can be made, there must be a determination of total available indemnity coverage. Here, the parties seek a declaration as to total indemnity coverage under the St. Paul policy. Specifically, the parties dispute the limits available under a "stub" policy St. Paul issued. (Proposed Second Amended Complaint and Demand for Jury Trial ¶33(d).) Resolution of that issue directly affects the Fund. Again, any determination here of the stub policy issue without the Fund will result in a second litigation on this issue. Accordingly, the Fund should be joined so as to avoid duplicate litigation of this issue.

## II.     THIS COURT SHOULD EXERCISE ITS DISCRETION TO PERMIT JOINDER.

Even if the Fund is not an indispensable party, which it is, the Court should exercise its discretion to permit joinder so as to avoid multiple litigations concerning the same issues and avoid the possibility of inconsistent judgment. See Casas Office Machs., 42 F.3d at 677 ("That [proposed defendants] are dispensable to this action does not, in and of itself, compel their dismissal.") As detailed above, the Fund has a strong interest in resolution of certain issues in this case. Should the Court deny joinder, the Fund will not be bound by any judgments or determinations made in this matter, thereby necessitating re-litigation of those matters. See South Cent. Bell Tel. Co. v. Alabama, 526 U.S. 160, 167 (1999) (holding that collateral estoppel cannot be utilized against a "stranger" to an earlier action); Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co., 682 F.2d 12, 16 n.1 (1st Cir. 1982) (holding that "disposition of this case cannot

be legally binding on non-parties.") (citing Diamond Shamrock).  The Fund should, therefore, be joined so as to avoid needlessly litigating these issues a second time.

## CONCLUSION

For the foregoing reasons, joinder of the Fund in this matter is both necessary and appropriate.  Resolution of certain contested issues in this matter directly affects the rights and responsibilities of the Fund.  Moreover, if the Fund is not joined, it will result in duplicate litigation over the exact same issues, wasting judicial resources and the possibility of inconsistent results.  Pursuant to 28 U.S.C. § 1447(e), this Court should find the Fund is an indispensable party and/or exercise its discretion to join the Fund and remand the case to state court.

MASSACHUSETTS INSURERS
INSOLVENCY FUND,

By its attorneys,


        /s/ G. Rubenstein        
Joseph C. Tanski (BBO #492180)
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated:  March 22, 2005