UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON CO., INC. ) | Civil Action No. 04-CV-12501 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ANSWER** |
| ST. PAUL FIRE AND MARINE ) | |
| INSURANCE COMPANY, ET AL., ) | |
| ) | |
| Defendants. ) | |

Defendant the St. Paul Fire and Marine Insurance Company ("St. Paul"), by and through counsel, hereby answers the Second Amended Complaint of A.W. Chesterton Company, Inc. ("Plaintiff").

**RESPONSES TO NUMBERED PARAGRAPHS**

St. Paul responds to the numbered paragraphs of Plaintiff's Second Amended Complaint as follows:

1.  St. Paul admits upon information and belief that Plaintiff is a Massachusetts corporation with its principal place of business in Massachusetts. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

2.  St. Paul admits that St. Paul Fire and Marine Insurance Company is an insurance company incorporated in Minnesota and maintains its principle place of business in Minnesota. St. Paul further admits that it is authorized to transact the business of insurance in the State of Massachusetts and in other states. St. Paul is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph and therefore denies them.

    3.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

    4.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

## JURISDICTION AND VENUE

    5.    St. Paul admits upon information and belief that Plaintiff is a Massachusetts corporation with its principal place of business in Massachusetts.

    6.    St. Paul admits that St. Paul Fire and Marine Insurance Company is an insurance company incorporated in Minnesota and that it maintains its principle place of business in Minnesota.

    7.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

    8.    St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

    9.    St. Paul admits that it is authorized to transact the business of insurance in the State of Massachusetts and in other states. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

    10.    This paragraph contains conclusions of law, and not allegations of fact to which a response is required. To the extent a response is required, St. Paul admits that this Court has subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. §1332.

## FACTS COMMON TO ALL COUNTS

11. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

12. St. Paul admits upon information and belief that certain claimants have filed suit against Chesterton alleging bodily injury due to exposure to asbestos contained in certain products allegedly manufactured and/or distributed by Chesterton.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

13. St. Paul admits upon information and belief that Chesterton procured certain primary and excess-layer commercial general liability insurance policies, which policies speak for themselves.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

14. St. Paul admits that Chesterton advised St. Paul that Chesterton previously entered into settlement agreements with Liberty Mutual Insurance Company, Hartford Insurance Company, and Commercial Union Insurance Company.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

15. St. Paul admits that Chesterton advised St. Paul that (i) Chesterton previously created the A.W. Chesterton Asbestos-Related Claims Trust (the "ARC Trust"), (ii) Chesterton has deposited into the ARC Trust certain money that Chesterton has received from insurance carriers with whom Chesterton has settled, and (iii) the ARC Trust has paid certain defense costs and indemnification costs associated with asbestos-related claims asserted against Chesterton.

St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

16.     St. Paul admits that Chesterton filed a complaint in the Superior Court for Middlesex County, Civil Action No. 96-4871, which complaint speaks for itself.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

17.     St. Paul admits upon information and belief that the Superior Court in Civil Action No. 96-4871 issued certain unpublished rulings, decisions, and orders in that action, which speak for themselves.  St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language contained in any ruling, decision, or order issued by the trial court in Civil Action No. 96-4871.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

18.     St. Paul admits that Chesterton advised St. Paul that, other than the MIIF, Chesterton entered into settlement agreements with all of the insurance companies who were defendants in Civil Action No. 96-4871.  St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

19.     St. Paul admits upon information and belief that the Superior Court issued a final judgment in Civil Action No. 96-4871, which judgment speaks for itself.  St. Paul denies the allegations in this paragraph to the extent they are contrary to or mischaracterize the language contained in that final judgment.

20. St. Paul admits upon information and belief that MIIF appealed Civil Action No. 96-4871. St. Paul further admits that Chesterton advised St. Paul that Chesterton also appealed Civil Action No. 96-4871. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies them.

21. St. Paul admits that it issued Chesterton excess liability insurance policy number 569XA5135, which policy speaks for itself (referred to hereinafter as the "St. Paul Policy"). St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

## COUNT 1: BREACH OF CONTRACT (ST. PAUL)

22. St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 21 above.

23. St. Paul admits that it issued to Chesterton the St. Paul Policy, which speaks for itself. St. Paul is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

24. St. Paul admits that it issued to Chesterton the St. Paul Policy, which speaks for itself. St. Paul is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

25. St. Paul admits that it issued to Chesterton the St. Paul Policy, which speaks for itself. St. Paul is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

26. To the extent that this paragraph states legal conclusions, no response is required. St. Paul lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in this paragraph regarding what particular asbestos tort claimants allege as to Chesterton or otherwise, and therefore denies them.

27. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

28. St. Paul admits that Chesterton provided to St. Paul certain information relating to (i) amounts Chesterton claims to have paid to defend and settle asbestos bodily injury claims and (ii) how Chesterton has allocated those payments to Chesterton's insurance policies, which information speaks for itself. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies them.

29. Denied.

30. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

31. Denied.

32. Denied.

33. Denied.

The Prayer for Relief for Count 1 contains legal conclusions and characterizations of the relief sought in this action by Plaintiff, to which no response is required; however, to the extent that a response may be required, St. Paul denies that Plaintiff is entitled to the relief sought against St. Paul in this action or any other relief.

**COUNT 2: DECLARATORY JUDGMENT (ST. PAUL)**

34. St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 33 above.

- 7 -

35. St. Paul admits that a dispute exists between Chesterton and St. Paul regarding their respective rights and obligations under the St. Paul Policy with respect to asbestos-related bodily injury claims asserted against Chesterton. St. Paul is without knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies them.

36. St. Paul admits that a judicial declaration regarding Chesterton's and St. Paul's rights and obligations under the St. Paul Policy will resolve certain disputes between them.

The Prayer for Relief for Count 2 contains legal conclusions and characterizations of the relief sought in this action by Plaintiff, to which no response is required; however, to the extent that a response may be required, St. Paul denies that Plaintiff is entitled to the relief sought against St. Paul in this action or any other relief.

## COUNT III: BREACH OF CONTRACT (FIREMAN'S)

37. St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 36 above.

38. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

39. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

40. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

41. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

42. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

43. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

44. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

45. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

46. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

47. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

48. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

The Prayer for Relief for Count 3 contains legal conclusions and characterizations of the relief sought in this action by Plaintiff against defendant Fireman's Fund Insurance Company, to which no response is required from St. Paul.

## COUNT IV:  DECLARATORY RELIEF (FIREMAN'S)

49. St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 48 above.

50. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

51. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

The Prayer for Relief for Count 4 contains legal conclusions and characterizations of the relief sought in this action by Plaintiff against defendant Fireman's Fund Insurance Company, to which no response is required from St. Paul.

## COUNT V:  DECLARATORY JUDGMENT (ATLANTA)

52. St. Paul adopts and incorporates herein by reference as if specifically set forth herein the responses to paragraphs 1 through 51 above.

53. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

54. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

55. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

56. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

57. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

58. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

59. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

60. St. Paul is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore denies them.

The Prayer for Relief for Count 5 contains legal conclusions and characterizations of the relief sought in this action by Plaintiff against defendant Atlanta International Insurance Company, to which no response is required from St. Paul.

All other allegations in the Second Amended Complaint to which St. Paul has not directly responded in the foregoing paragraphs are denied.

## JURY DEMAND

The Jury Demand does not contain any affirmative allegation that requires a response.

## AFFIRMATIVE DEFENSES

St. Paul asserts the following defenses with respect to Plaintiff's claims. Nothing herein may be construed to suggest that St. Paul bears the burden of proof on any of the issues set forth below.

## FIRST AFFIRMATIVE DEFENSE

The Second Amended Complaint fails to state a claim for which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy to the extent that applicable limits in all underlying insurance policies are not exhausted.

## THIRD AFFIRMATIVE DEFENSE

The St. Paul Policy provides coverage only for "loss" that the insured becomes legally obligated to pay for "personal injury" or "property damage." Plaintiff's claims are barred to the extent Plaintiff does not become legally obligated to pay "loss" for "personal injury" or "property damage" as a result of the suits alleged in the Second Amended Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

The St. Paul Policy provides coverage only for damages for "personal injury" or "property damage" caused by an "occurrence." Plaintiff's claims are barred to the extent the suits alleged in the Second Amended Complaint do not seek recovery of damages arising out of an "occurrence" within the meaning of the St. Paul Policy.

**FIFTH AFFIRMATIVE DEFENSE**

The St. Paul Policy provides no coverage for the suits alleged in the Second Amended Complaint to the extent they seek equitable relief and/or are founded upon equitable remedies, including injunctive relief, as the St. Paul Policy does not provide coverage for such relief.

**SIXTH AFFIRMATIVE DEFENSE**

The St. Paul Policy provides coverage only for "occurrences" that result in "personal injury" or "property damage" during the relevant policy period. To the extent Plaintiff seeks coverage under the St. Paul Policy for occurrences not resulting in personal injury or property damage within the policy period, St. Paul has no liability under the St. Paul Policy.

**SEVENTH AFFIRMATIVE DEFENSE**

The St. Paul Policy does not provide coverage for personal injury or property damage that was expected or intended from the standpoint of the insured. To the extent that any injuries were expected or intended, St. Paul has no liability under the St. Paul Policy.

**EIGHTH AFFIRMATIVE DEFENSE**

The St. Paul Policy does not provide coverage for personal injury or property damage resulting from (i) known risks of which the insured possessed knowledge and information at the time the policy became effective and/or (ii) losses in progress at the time the policy became effective. To the extent that personal injury or property damage resulted from such known risks

or losses in progress, St. Paul has no liability under the St. Paul Policy for the claims and actions referred to in the Second Amended Complaint.

### NINTH AFFIRMATIVE DEFENSE

The St. Paul Policy is void <u>ab initio</u>, and St. Paul has no liability under it, to the extent that its insured failed to disclose, or concealed or misrepresented facts material to the issuance of the St. Paul Policy or engaged in any fraud or false swearing relating to that policy.

### TENTH AFFIRMATIVE DEFENSE

St. Paul has no obligations under the St. Paul Policy unless and until all terms and provisions, including conditions precedent or subsequent, of the St. Paul Policy have been satisfied.  To the extent the insured has not satisfied such conditions precedent or subsequent, St. Paul has no liability under the St. Paul Policy.

### ELEVENTH AFFIRMATIVE DEFENSE

The St. Paul Policy requires that the insured provide St. Paul with timely written notice of any occurrence, claim or suit to which the policy might apply.  Plaintiff's claims are barred to the extent Plaintiff has not satisfied such obligations.

### TWELFTH AFFIRMATIVE DEFENSE

The St. Paul Policy provides no coverage for the claims and actions referred to in the Second Amended Complaint to the extent that an insured, after it has become aware of any personal injury or property damage to which the policy might apply, has failed to take all reasonable steps to prevent further damage or injury or to mitigate any damages arising therefrom.

### THIRTEENTH AFFIRMATIVE DEFENSE

St. Paul has no obligation to provide coverage under the St. Paul Policy for any liabilities

or monetary obligations assumed or monies paid by its insured before the claim for coverage was tendered and/or for any indemnity liabilities or obligations assumed or indemnification costs paid by its insured voluntarily.

### FOURTEENTH AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy for punitive or exemplary damages. Plaintiff's claims are barred to the extent the suits alleged in the Second Amended Complaint seek such damages. Similarly, St. Paul has no obligation to provide coverage to the extent that coverage is sought for costs incurred as a result of statutory violations, for criminal fines or sanctions, or for civil fines, penalties or sanctions.

### FIFTEENTH AFFIRMATIVE DEFENSE

St. Paul has no liability under the St. Paul Policy for any damages resulting from Plaintiff's acts or failures to act to the extent that such acts or failures to act were in violation of public policy or law.

### SIXTEENTH AFFIRMATIVE DEFENSE

St. Paul is not obligated to indemnify its insured for losses that have not yet arisen and/or for amounts that have not yet been paid.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the statute of limitations and/or laches.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrines of estoppel and/or waiver.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by application of the collateral estoppel doctrine.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

There is no coverage under the St. Paul Policy to the extent the suits alleged in the Second Amended Complaint seek recovery to prevent, or prospectively compensate those bringing suit for, future injury or damage resulting from conditions that are the same as or similar to those alleged to exist currently, as such recovery does not constitute damages for bodily injury or property damage resulting from an occurrence within the meaning of the St. Paul Policy.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The St. Paul Policy does not have any obligation to pay defense costs or expenses.

### RESERVATION OF RIGHTS

St. Paul has not had the opportunity to take any discovery. St. Paul hereby reserves the right to amend this Answer upon discovery of facts or circumstances that justify amendment.

### PRAYER FOR RELIEF

WHEREFORE, St. Paul prays that:

(a) The claims asserted against it in the Second Amended Complaint be dismissed with prejudice;

(b) Judgment be entered directing that Plaintiff take nothing from St. Paul in this action; and

(c)  St. Paul be awarded its reasonable costs and attorneys fees, and such other and further relief as may be appropriate.

        St. Paul Fire and Marine Insurance Company
By its attorneys,


        _____/s/ J. Patrick Kennedy_____
J. Patrick Kennedy
BBO# 565778
Bulkley, Richardson, and Gelinas LLP
One Post Office Squire, Suite 3700
Boston, Massachusetts 02109
Telephone:  (617) 368-2500
Facsimile:   (617) 368-2525
Email:  pkennedy@bulkley.com

<u>Of Counsel</u>

Harry Lee
March D. Coleman
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone:  (202) 429-8073
Facsimile:   (202) 429-3902
Email:  mcoleman@steptoe.com

Dated:  June 29, 2005

302232-1