UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON COMPANY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ST. PAUL FIRE AND MARINE<br>INSURANCE CO., FIREMAN'S FUND<br>INSURANCE CO., ATLANTA<br>INTERNATIONAL INSURANCE CO,<br>FORMERLY DRAKE INSURANCE CO. OF<br>NEW YORK,<br><br>　　　　　Defendants. | Civil Action No.: 04-CV-12501 GAO |

## ANSWER OF DEFENDANT, ATLANTA INTERNATIONAL INSURANCE COMPANY, TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, Atlanta International Insurance Company (f/k/a Drake Insurance Company of New York and hereinafter referred to as "Atlanta"), by its attorneys Taylor Duane Barton & Gilman, LLP and Melito & Adolfsen P.C., responds to Plaintiff's Second Amended Complaint as follows:

### PARTIES

1.　　Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Second Amended Complaint.

2.　　Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Second Amended Complaint.

3.　　Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Second Amended Complaint.

4.      Atlanta admits that it is a New York corporation with its principal place of business at 7230 McGinnis Ferry Road, Suite 300, Suwanee, Georgia 30324, and that Atlanta was authorized to transact business in various states, including Massachusetts. Atlanta denies the remaining allegations contained in paragraph "4" of the Second Amended Complaint.

## JURISDICTION AND VENUE

5.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Second Amended Complaint.

6.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Second Amended Complaint.

7.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Second Amended Complaint.

8.      Atlanta admits the allegations contained in paragraph "8" of the Second Amended Complaint.

9.      Atlanta admits that it transacted business in Massachusetts during the time period relevant to Plaintiff's claims against Atlanta in the Second Amended Complaint, but Atlanta denies the remaining allegations contained in paragraph "9" of the Second Amended Complaint as they relate to Atlanta.  Atlanta further denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Second Amended Complaint as they relate to Defendants St. Paul and Fireman's Fund.

10.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Second Amended Complaint.

## FACTS COMMON TO ALL COUNTS

11.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Second Amended Complaint.

12.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Second Amended Complaint.

13.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Second Amended Complaint.

14.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Second Amended Complaint.

15.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Second Amended Complaint.

16.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Second Amended Complaint.

17.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Second Amended Complaint.

18.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Second Amended Complaint.

19.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Second Amended Complaint.

20.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Second Amended Complaint.

21.     Atlanta admits that it issued an excess liability policy to A.W. Chesterton ("Chesterton") as alleged in paragraph "53" of the Second Amended Complaint, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "21" of the Second Amended Complaint.

## COUNT I
### (Breach of Contract – St. Paul)

22.     Atlanta reasserts and incorporates by reference its responses to Paragraphs "1" through "21" of the Second Amended Complaint as though fully set forth herein.

23.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the Second Amended Complaint.

24.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the Second Amended Complaint.

25.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the Second Amended Complaint.

26.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Second Amended Complaint.

27.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Second Amended Complaint.

28.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Second Amended Complaint.

29.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Second Amended Complaint.

30.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Second Amended Complaint.

31.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Second Amended Complaint.

32.     Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Second Amended Complaint.

<u>Count II</u>
**(Declaratory Judgment – St. Paul)**

33.      Atlanta reasserts and incorporates by reference its responses to Paragraphs "1"
through "32" of the Second Amended Complaint as though fully set forth herein.

34.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "34" of the Second Amended Complaint.

35.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "35" of the Second Amended Complaint.

<u>COUNT III</u>
**(Breach of Contract – Fireman's)**

36.      Atlanta reasserts and incorporates by reference its responses to Paragraphs "1"
through "35" of the Second Amended Complaint as though fully set forth herein.

37.      Atlanta denies knowledge or information sufficient to form a belief as to the truth
of the allegations contained in paragraph "37" of the Second Amended Complaint.

38.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "38" of the Second Amended Complaint.

39. Atlanta denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph "39" of the Second Amended Complaint.

40. Atlanta denies knowledge or information sufficient to form a belief as to the truth of the
allegations contained in paragraph "40" of the Second Amended Complaint.

41.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "41" of the Second Amended Complaint.

42.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "42" of the Second Amended Complaint.

43.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph "43" of the Second Amended Complaint.

44.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the Second Amended Complaint.

45.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the Second Amended Complaint.

46.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the Second Amended Complaint.

47.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the Second Amended Complaint.

48.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the Second Amended Complaint.

## COUNT IV
### (Declaratory Judgment – Fireman's)

49.      Atlanta reasserts and incorporates by reference its responses to Paragraphs "1" through "48" of the Second Amended Complaint as though fully set forth herein.

50.      Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "50" of the Second Amended Complaint.

51.   Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Second Amended Complaint.

## COUNT V
### (Declaratory Judgment – Atlanta)

52.      Atlanta reasserts and incorporates by reference its responses to Paragraphs "1" through "51" of the Second Amended Complaint as though fully set forth herein.

53.      Atlanta admits that it issued to Plaintiff Excess Liability Policy XL-01483 (hereinafter referred to as "the Atlanta Policy"), which provides coverage as stated therein for the period January 1, 1977 to January 1, 1978, and respectfully refers the Court to the Atlanta Policy which may or may not be the same as Plaintiff's version of this Policy attached as Exhibit C to the Second Amended

Complaint. Atlanta denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "53" of the Second Amended Complaint.

54.    Atlanta denies the truth of the allegations contained in paragraph "54" of the Second Amended Complaint insofar as they do not fully set forth the definition of "ultimate net loss" and other relevant provisions set out in Policy XL-01483, and insofar as the terms and conditions of the Policy speak for themselves, and respectfully refers all questions of law to the Court.

55.    Atlanta denies the truth of the allegations contained in paragraph "55" of the Second Amended Complaint insofar as the terms and conditions of Policy XL-01483 speak for themselves and respectfully refers all questions of law to the Court.

56.    Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Second Amended Complaint and respectfully refers all questions of law to the Court.

57.    Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Second Amended Complaint and respectfully refers all questions of law to the Court.

58.    Atlanta admits that it has received from Plaintiff correspondence and some information concerning the underlying asbestos claims. Atlanta denies that Plaintiff has tendered any claim to Atlanta, and further denies that Plaintiff has cooperated with Atlanta in accordance with Paragraph 8 of Policy XL-01483 and other relevant provisions. Atlanta denies  knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "58" of the Second Amended Complaint, and respectfully refers all questions of law to the Court.

59.    Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Second Amended Complaint, and respectfully

refers all questions of law to the Court based upon the terms and conditions of the Atlanta policy, which speak for themselves.

60. Atlanta denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Second Amended Complaint, and respectfully refers all questions of law to the Court.

## AFFIRMATIVE DEFENSES

Atlanta hereby sets forth its separate and distinct defenses to the Second Amended Complaint so as to apprise the parties of certain potentially applicable defenses.

### FIRST AFFIRMATIVE DEFENSE

Paragraph 1 of the Atlanta Policy states that Atlanta "hereby indemnifies the Insured against ultimate net loss in excess of and arising out of the hazards covered" by the Policy "and in excess of the underlying insurance" up to the limits of the Policy. Accordingly, under the Atlanta Policy, Atlanta agreed solely to indemnify the insured. To the extent the allegations of the Second Amended Complaint are contrary to this agreement, Plaintiff's claims against Atlanta should be dismissed as a matter of law.

### SECOND AFFIRMATIVE DEFENSE

Paragraph 8 of the Atlanta Policy states that "at no time shall [Atlanta] be called upon to assume charge of the settlement or defense of any claims made or suits brought or proceedings instituted against the Insured..." Paragraph 9 of the Policy states that "the Insured shall be solely responsible for the investigation, settlement, defense and final disposition of any claim made or suit brought or proceeding instituted against the Insured to which this Policy would apply and which no underlying insurer or insurers is obligated to defend." Accordingly, Atlanta does not now, nor will it ever, have any duty to defend the Plaintiff in any of the underlying asbestos actions at issue. To the extent the Plaintiff seeks a declaration that Atlanta has any defense duty under the Atlanta Policy, no

such declaration should be issued and all such claims of the Plaintiff are barred and should be dismissed as a matter of law.

### THIRD AFFIRMATIVE DEFENSE

Paragraph 13 of the Atlanta Policy states that "ultimate net loss" means the sums paid in settlement of losses for which the Insured is liable after making deductions for recoveries, salvages and other insurances (other than recoveries under the underlying insurance policies of co-insurance, or policies specifically in excess hereof), whether recoverable or not, *and shall exclude all "Costs."* Paragraph 14 of the Atlanta Policy defines the term "Costs", which definition includes legal expenses. Therefore, the Atlanta Policy does not cover Plaintiff's legal expenses, i.e. defense costs. To the extent the Plaintiff seeks a declaration that Atlanta has any defense duty to pay defense costs under the Atlanta Policy, no such declaration should be issued and all such claims of the Plaintiff are barred and should be dismissed as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Atlanta is not responsible for paying the Plaintiff's defense costs under the Atlanta Policy unless the Insured obtained from Atlanta prior written consent to incur such costs pursuant to Paragraph 15 of the Policy, or if Paragraphs 15 (c) or (d) of the Policy, neither of which apply in this case, were to apply. To the extent the Plaintiff seeks a declaration that Atlanta has any duty to pay defense costs under Paragraph 15 of the Atlanta Policy, no such declaration should be issued and all such claims asserted by the Plaintiff are barred and should be dismissed as a matter of law.

### FIFTH AFFIRMATIVE DEFENSE

Paragraph 11 of the Atlanta Policy states that Atlanta's "obligation to pay any ultimate net loss and costs with respect to any accident or occurrence falling within the terms of this Policy shall not attach until the amount of the applicable underlying limit has been paid by or on behalf of the Insured on account of such accident or occurrence." This Paragraph and other relevant conditions

require full and complete exhaustion of the underlying insurance, whether recoverable or not, before any indemnity obligation attaches under the Atlanta Policy. To the extent the Plaintiff cannot establish full and complete exhaustion of the insurance underlying the Atlanta Policy, no declaration of liability against Atlanta should be issued and all claims asserted by the Plaintiff are barred and should be dismissed as a matter of law.

SIXTH AFFIRMATIVE DEFENSE

There is no actual case or controversy to the extent the insured's liability has not exceeded the limits of the insurance underlying the Atlanta Policy.

SEVENTH AFFIRMATIVE DEFENSE

Paragraph 8 of the Atlanta Policy states that the "Insured *shall immediately* advise the Company of any accident or occurrence which appears likely to result in liability under this Policy and of subsequent developments likely to affect the Company's liability hereunder.... Failure on the part of the Insured or the underlying insurer or insurers to cooperate shall relieve the Company, at its option, of liability under this Policy." Atlanta disputes that the Plaintiff has cooperated with Atlanta in accordance with Paragraph 8 and other provisions of the Atlanta Policy. Plaintiff's claims are barred to the extent Plaintiff has breached its duty to cooperate with Atlanta and/or to the extent Plaintiff failed to timely advise Atlanta of accidents or occurrences which were likely to result in liability under the Atlanta Policy.

EIGHTH AFFIRMATIVE DEFENSE

Atlanta disputes that the Plaintiff has tendered any claims to Atlanta in accordance with the terms and conditions of the Atlanta Policy.

NINTH AFFIRMATIVE DEFENSE

Paragraph 19 of the Atlanta Policy states that the "Policy applies only to accidents or occurrences happening between" January 1, 1977 and January 1, 1978." Plaintiff has yet to establish which, if any, asbestos claims involve accidents or occurrences happening during this time period.

10

Plaintiff's claims are barred to the extent Plaintiff is unable to establish that the claims for which it seeks coverage arise out of accidents or occurrences happening between January 1, 1977 and January 1, 1978.

TENTH AFFIRMATIVE DEFENSE

Plaintiff may be barred from pursuing this action to the extent the Massachusetts Insurer's Insolvency Fund ("the Fund") is not a party to this lawsuit, and/or to the extent inconsistent judgments or rulings may result from pursuing this action during the pendency of the Plaintiff's and the Fund's appeal before the Massachusetts Supreme Judicial Court. To the extent the Fund cannot be joined in this action for purposes of avoiding inconsistent judgments or rulings, this suit should be dismissed, stayed or remanded to state court.

ELEVENTH AFFIRMATIVE DEFENSE

Paragraph 2 of the Atlanta Policy states that "except as may be inconsistent with this Policy, the coverage provided by this Policy shall follow the insuring agreement, conditions and exclusions of the underlying insurance (whether primary or excess) immediately preceding the layer of coverage provided by this Policy, including any endorsements." Pursuant to this provision, the Atlanta Policy incorporates those provisions set out in Continental Policy LX 6541530 which are not inconsistent with the coverage provided under the Atlanta Policy. Plaintiff's claims are barred to the extent the insured has failed to comply with the terms, conditions or obligations of the Atlanta Policy and/or Continental Policy LX 6541530. Atlanta further incorporates by reference all affirmative defenses raised or which could have been raised by Continental and/or the other underlying insurers in the prior actions referenced in the Second Amended Complaint.

TWELFTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks to be indemnified for damages relating to any claim not timely tendered to Atlanta in accordance with the Atlanta Policy, coverage for all such untimely tendered claims is barred in whole or in part.

### THIRTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint are barred to the extent they were not asserted within the time period allowed by the applicable statutes of limitation and repose.

### FOURTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint may be barred by the doctrine of waiver and/or estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint may be barred by the doctrine of laches.

### SIXTEENTH AFFIRMATIVE DEFENSE

The claims asserted in the Second Amended Complaint may be barred by the doctrine of unclean hands.

### SEVENTEENTH AFFIRMATIVE DEFENSE

To the extent the relief sought in the underlying claims is equitable in nature and does not constitute damages, coverage for such claims is not recoverable under the Atlanta Policy.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred in whole or in part to the extent any claimed loss arises from the insured's actions, omissions or conduct in violation of federal, state and/or local law, statutes, regulations or public policy, as a violation of law or public policy.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and Atlanta has no obligation to indemnify the insured to the extent that any claimed loss by the insured is a result of the imposition of civil or other fines, penalties or punitive damages.

## TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred and Atlanta has no obligation to indemnify the insured to the extent any personal injury alleged in the underlying claims asserted against the insured was expected or intended or arose out of intentional conduct on the part of the insured, in whole or in part.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent the insured misrepresented or omitted material facts in procuring the Atlanta Policy, the Plaintiffs' claims against Atlanta are barred.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks coverage for entities which are not named or additional insureds under the Atlanta Policy, all such claims are barred.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks coverage for an event, act, occurrence, transaction, loss or claim which was in progress or known to the insured at the time Plaintiff contracted for the Atlanta Policy, Plaintiff's claims are barred.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

To the extent the insured voluntarily paid, or assumed an obligation to pay, or incurred any expense in connection with the underlying claims without Atlanta's consent or approval, there is no coverage under the Atlanta Policy for such payments or assumed obligations and all such claims against Atlanta are barred.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent the insured failed to mitigate, minimize or avoid any damages it has allegedly incurred, any recovery against Atlanta must be reduced in accordance with such failure to mitigate, minimize or avoid any damages.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks indemnification for losses which have not yet arisen or for amounts not yet paid, all such claims against Atlanta are barred.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Atlanta Policy may not insure the events and claims asserted in this action to the extent the insured is covered by other insurance.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The claims against Atlanta are barred to the extent the Plaintiff seeks coverage under the Atlanta Policy in place of other insurance which has, is or becomes invalid, uncollectible or otherwise unavailable due to the insolvency of underlying or other insurers or as a result of the acts of the named insured.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The claims against Atlanta are barred to the extent the Plaintiff has failed to join parties who are necessary for a full and final adjudication of this action.

### THIRTIETH AFFIRMATIVE DEFENSE

The claims against Atlanta are barred to the extent the insured settled any claims in excess of the underlying insurance without consent and approval of Atlanta.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

The claims for coverage against Atlanta may be barred in whole or in part to the extent the underlying claims arise from injuries to the insured or its employees acting within the scope of their employment.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

The claims against Atlanta are barred, in whole or in part, to the extent the Plaintiff impaired or prejudiced any right to subrogation, indemnification or contribution that Atlanta has, had or may have.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

In the event Atlanta is found to have any liability to the Plaintiff, Atlanta's liability is subject to any applicable deductibles, retentions, and the limits of liability contained in the Atlanta Policy, as well as all credits and offsets required by any applicable other insurance provisions and/or by operation of law.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

To the extent the Plaintiff seeks indemnity in excess of the limits of liability of the Atlanta Policy, all such claims against Atlanta are barred.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The Second Amended Complaint contains insufficient information to permit Atlanta to raise all appropriate defenses. Further, Plaintiff has failed to provide Atlanta with specific information concerning the claims which it contends are covered under the Atlanta Policy. Therefore, Atlanta reserves its right to amend or supplement this Answer and Affirmative Defenses after Plaintiff produces sufficient information concerning the underlying claims.

WHEREFORE, Atlanta Insurance Company (formerly known as Drake Insurance Company of New York) respectfully requests that judgment be entered in its favor and against the Plaintiff and requests an order be entered granting the following relief:

1.    The Atlanta Policy be declared not to provide insurance coverage to the insured for any of the claims at issue;

2.    The Atlanta Policy be declared not to provide any obligation to defend the Plaintiff or to pay Plaintiff's defense costs;

3.    Dismiss all claims against Atlanta and find and declare that Atlanta is not obligated to indemnify, defend or pay defense costs to Plaintiff in connection with any of the underlying claims currently at issue; and

4.    Award Atlanta all such other relief available as this Court deems just and proper.

DEFENDANT,
ATLANTA INTERNATIONAL
INSURANCE COMPANY,

By its Attorneys,

_____
Edward D. Shoulkin, Esq.
B.B.O. No. 555483
Taylor Duane Barton & Gilman, LLP
160 Federal Street
Boston, MA 02110
(617) 654-8200

-and-

Louis G. Adolfsen, Esq. (LA 5431)
Steven G. Adams, Esq. (SA 4202)
MELITO & ADOLFSEN, P.C.
233 Broadway
New York, NY 10279
(212) 238-8900
*Pro Hac Vice Application Pending*

Dated: November 29, 2005

## CERTIFICATE OF SERVICE

I certify that on November 29, 2005, I served copies of the foregoing by mailing same postage prepaid to all counsel of record.

_____
Edward D. Shoulkin