UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---------------------------------------------------------------------------X
A.W. CHESTERTON COMPANY.,                )
                                         )
                    Plaintiff,           )
                                         )   Civil Action Number:
v.                                       )   04-CV-12501 GAO
                                         )
ST. PAUL FIRE & MARINE INSURANCE CO.,    )
FIREMAN'S FUND INSURANCE CO.,            )
ATLANTA INTERNATIONAL INSURANCE CO.      )
formerly DRAKE INSURANCE CO. OF NEW YORK,)
                                         )
                    Defendants,          )
                                         )
ATLANTA INTERNATIONAL INSURANCE COMPANY, )
f/k/a DRAKE INSURANCE CO. OF NEW YORK,   )
                                         )
                    Third Party Plaintiff,)
                                         )
v.                                       )
                                         )
MASSACHUSETTS INSURERS INSOLVENCY FUND,  )
                                         )
                    Third Party Defendant.)
                                         )
---------------------------------------------------------------------------X

**DEFENDANT ATLANTA INTERNATIONAL INSURANCE
COMPANY'S THIRD PARTY COMPLAINT AGAINST THE
<u>MASSACHUSETTS INSURERS INSOLVENCY FUND</u>**

Third Party Plaintiff Atlanta International Insurance Company (f/k/a Drake Insurance Co. of New York and hereinafter referred to as "Atlanta"), states as follows by way of Third Party Complaint against Third-Party Defendant Massachusetts Insurers Insolvency Fund ("the Fund"):

1.   Atlanta is a corporation incorporated pursuant to the laws of the State of New York and has its principal place of business at 7230 McGinnis Ferry Road, Suite 300,

Suwanee, Georgia 30324.

2. The Fund is a non-profit unincorporated legal entity created and governed by Chapter 175D of the Massachusetts General Laws.

3. The Fund consists of insurers licensed in the Commonwealth of Massachusetts to write the types of insurance covered by the Fund, including liability insurance.

4. The purpose of the Fund is to pay injured claimants for covered claims asserted against insurers which are now insolvent.

5. The Fund pays injured claimants with the money collected from insurance companies licensed to write insurance in Massachusetts.

6. Section 5(2) of Chapter 175D states that the Fund may "sue and be sued" and "appear in, defend and appeal any action on a claim brought against the Fund."

## JURISDICTION AND VENUE

7. Jurisdiction is based upon 28 U.S.C. §1332 in that there exists diversity of citizenship between third-party plaintiff and third-party defendant, and the amount in controversy, exclusive of interest and costs, exceeds the statutory minimum amount.

8. Jurisdiction is further based on the Court's ancillary jurisdiction in that this third party action arises from the same facts as the main action commenced by A.W. Chesterton Company ("Chesterton") against Atlanta and the other insurers.

9. Venue is proper in this district pursuant to 28 U.S.C. §1391.

## THE 1996 SUIT

10. In 1996, Chesterton instituted a declaratory judgment action against certain insurers in the Middlesex Superior Court of Massachusetts. Chesterton sought a

2

determination of the scope of the insurers' obligations under certain insurance policies for asbestos related claims asserted against Chesterton. The underlying asbestos claims asserted against Chesterton also form the basis of Chesterton's insurance coverage claims against Atlanta in the main action.

11. In its 1996 action, Chesterton named as defendants only those insurers which issued umbrella and first layer excess insurance policies to Chesterton.

12. Atlanta, Fireman's Fund Insurance Company ("Fireman's Fund") and St. Paul Fire & Marine Insurance Company ("St. Paul") (the defendants in the main action), were not named in the 1996 suit because they issued second layer excess insurance to Chesterton.

13. The Fund was a defendant in the 1996 action because Midland Insurance Company, now insolvent, was one of the insurers which issued umbrella policies to Chesterton.

14. With the exception of the Fund, all the defendants in the 1996 suit settled with Chesterton.

15. A second trial in the 1996 action between Chesterton and the Fund resulted in a final judgment which is currently the subject of an appeal pending before the Supreme Judicial Court of Massachusetts.

**A DISPUTE EXISTS AMONG CHESTERTON, THE FUND AND ATLANTA CONCERNING ATLANTA'S COVERAGE OBLIGATIONS UNDER EXCESS LIABLITY POLICY XL-01483**

16. Chesterton alleges in its Second Amended Complaint that the primary and first-layer excess insurance coverage underlying the Atlanta, Fireman's Fund and St. Paul policies has been or will soon be exhausted, and that disputes exist concerning the obligations of Atlanta, Fireman's Fund and St. Paul under their second-layer excess policies

3

issued to Chesterton.

17. Chesterton further specifically alleges in its Second Amended Complaint that an actual controversy exists as to whether, after exhaustion of first-layer excess insurance, Atlanta has a duty to pay a proportionate share of the costs under Atlanta Policy XL-01483 ("the Atlanta Policy"). Pursuant to this alleged actual controversy, Chesterton seeks a declaration concerning Atlanta's duty to pay a proportionate share of the costs and expenses for the defense of Chesterton in the Underlying Claims.

18. Upon information and belief, the Fund contends that Atlanta is obligated under the Atlanta Policy to provide a defense for the Underlying Claims and that such defense costs are to be paid in addition to the coverage limits provided by the Atlanta Policy.

19. In its response to the Second Amended Complaint, Atlanta set forth its position that the Atlanta Policy does not contain any duty to defend and further that the Atlanta Policy does not cover Chesterton's legal expenses because:

    a. Paragraph 8 of the Atlanta Policy states that "at no time shall [Atlanta] be called upon to assume charge of the settlement or defense and final disposition of any claim made or suit brought or proceeding instituted against the Insured…";

    b. Paragraph 9 of the Atlanta Policy states that "the Insured shall be solely responsible for the investigation, settlement, defense and final disposition of any claim made or suit brought or proceeding instituted against the Insured to which this Policy would apply and which no underlying insurer or insurers is obligated to defend."; and

    c. Paragraph 13 of the Atlanta Policy states that "ultimate net loss" means "the

4

sums paid in settlement of losses for which the Insured is liable after making deductions for recoveries, salvages and other insurances (other than recoveries under the underlying insurance policies of co-insurance, or policies specifically in excess hereof), whether recoverable or not, *and shall exclude all 'Costs'.*" "*Costs" is* defined in Paragraph 14 of the Atlanta Policy to include legal expenses.

20. Atlanta further noticed, in its response to the Second Amended Complaint, that Atlanta is not responsible for paying any "Costs" incurred by Chesterton because: (i) the Insured did not obtain from Atlanta prior written consent to incur such Costs; and (ii) Paragraphs 15(c) or (d) of the Atlanta Policy do not apply to this matter. Paragraph "15" of the Atlanta Policy provides that:

> Costs incurred by the insured, with the written consent of the Company shall be apportioned as follows:
>
> (a) in the event of claim or suit arising which appears likely to exceed the underlying insurance limit or limits, no Costs shall be incurred by the Insured without the written consent of the Company.
>
> (b) should such claim or suit be settlement previous to going into court for not more than the underlying insurance limit or limits, then no Costs shall be payable by the Company.
>
> (c) should, however, the sum for which the said claim or suit may be settled exceed the underlying insurance limit or limits then the company, it if approves such settlement or consents to the proceedings continuing, shall contribute to the Costs incurred by the Insured in the ratio that its proportion of the ultimate net loss as finally adjusted bears to the whole amount of such ultimate net loss.
>
> (d) in the event the Insured elects not to appeal a judgment in excess of the underlying insurance limit or limits, the Company may elect to conduct such appeal at its own cost and expense

5

and shall be liable for the taxable court costs and interest incidental thereto, but in no event shall the total liability of the Company exceed its limit or limits of liability as stated above, plus the costs of such appeal.

(e) in the event a judgment is rendered in excess of the underlying insurance limit or limits and the underlying insurer or insurers elect to appeal such judgment, the duty of obtaining an appeal bond in regard to liability in excess of the underlying insurance limit or limits shall rest with the Insured and its underlying insurer or insurers.

21. Pursuant to the above-noticed provisions of the Atlanta Policy, Atlanta has requested herein judgment in its favor that the Atlanta Policy be declared not to provide any obligation to defend Chesterton or to pay Chesterton's defense costs.

## COUNT ONE

## DECLARATION JUDGMENT

22. Atlanta reasserts and incorporates by reference the allegations contained in paragraphs 1 through 17 of the Third-Party Complaint as if fully set forth herein.

23. An actual controversy exists between Atlanta and the Fund, and Atlanta and Chesterton, as to whether the Atlanta Policy includes a defense duty, covers the insured's defense costs and, if so, whether such defense costs are covered in addition to the coverage limits provided by the Atlanta Policy.

24. In a prior filing with this Court in the main action, the Fund contended that it was a necessary and appropriate party in this case, that resolution of the issues in the main action will directly affect the rights and responsibilities of the Fund, and that inconsistent judicial determinations may result if the Fund is not a party in this action, and thereby bound by this Court's decisions regarding Atlanta's, Fireman's Fund's and St. Paul's obligations

6

under their insurance policies.

25. Declaratory relief will resolve the controversy existing between Atlanta and the Fund, and Atlanta and Chesterton, concerning the defense obligation issue.

26. Declaratory relief in this action will ensure that Atlanta, Chesterton and the Fund will not be exposed to multiple, inconsistent rulings concerning the coverage afforded under the Atlanta Policy.

**WHEREFORE**, Atlanta International Insurance Company (formerly known as Drake Insurance Company of New York) respectfully requests that a Declaration be entered as follows:

1. The Atlanta Policy be and hereby is declared not to contain any duty to defend Chesterton;

2. The Atlanta Policy be and hereby is declared not to provide any obligation to pay for any Costs incurred in connection with the underlying asbestos claims except in accordance with Paragraph "15" of the Atlanta Policy; and

3. The Fund is hereby declared to be bound by the above declarations.

    4.    That Atlanta be awarded all such other relief available as this Court deems just and proper.

>DEFENDANT/THIRD-PARTY PLAINTIFF,
>ATLANTA INTERNATIONAL INSURANCE COMPANY
>
>By its Attorneys,
>
>By:   /s/ Edward D. Shoulkin
>Edward D. Shoulkin, Esq.
>B.B.O. # 555483
>Andrew R. Weiner, Esq.
>B.B.O # 655170
>Taylor, Duane, Barton & Gilman, LLP
>160 Federal Street
>Boston, Massachusetts 02110
>(617) 654-8200
>
>-and-
>
>Louis G. Adolfsen, Esq. (LGA 5431)
>Steven G. Adams, Esq. (SGA 4202)
>Melito & Adolfsen P.C.
>233 Broadway – 28th Floor
>New York, New York 10279
>(212) 238-8900

Dated: December 8, 2005