**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| A.W. Chesterton Company, | Civil Docket Number: |
| | |
| | 04-CV-12501-GAO |
| | |
| Plaintiff, | |
| | |
| v. | |
| | |
| St. Paul Fire and Marine Insurance Co., Fireman's | |
| Fund Insurance Co., Atlanta International Insurance Co., | |
| Formerly Drake Insurance Co. of New York, | |
| | |
| Defendants. | |

**DEFENDANT FIREMAN'S FUND INSURANCE COMPANY'S ANSWER TO**
**PLAINTIFF'S SECOND AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant Fireman's Fund Insurance Co. ("FFIC"), by and through its counsel, hereby

answers the plaintiff's, A.W. Chesterton Co., Inc. ("plaintiff" or "Chesterton") Second Amended

Complaint as follows:

**RESPONSES TO NUMBERED PARAGRAPHS**

1.      The allegations contained in paragraph "1" of the plaintiff's Second Amended

Complaint are not directed to FFIC and, therefore, do not require a response of this answering

defendant.  To the extent that a response is required, FFIC lacks knowledge or information

sufficient to form a belief as to the allegations contained in paragraph "1" of the plaintiff's

Second Amended Complaint.

2.      The allegations contained in paragraph "2" of the plaintiff's Second Amended

Complaint are not directed to FFIC and, therefore, do not require a response of this answering

defendant.  To the extent that a response is required, FFIC lacks knowledge or information

sufficient to form a belief as to the allegations contained in paragraph "2" of the plaintiff's Second Amended Complaint.

3.    FFIC admits the allegations contained in paragraph "3" of the plaintiff's Second Amended Complaint.

4.    The allegations contained in paragraph "4" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the plaintiff's Second Amended Complaint.

5.    The allegations contained in paragraph "5" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "5" of the plaintiff's Second Amended Complaint.

6.    The allegations contained in paragraph "6" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "6" of the plaintiff's Second Amended Complaint.

7.    FFIC admits the allegations contained in paragraph "7" of the plaintiff's Second Amended Complaint.

8.    The allegations contained in paragraph "8" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering

2

defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the plaintiff's Second Amended Complaint.

9.     To the extent that the allegations contained in paragraph "9" of the plaintiff's Second Amended Complaint are directed to FFIC, FFIC admits that it engaged in the alleged activities within Massachusetts during the time period at issue in this matter. The remaining allegations contained in paragraph "9"of the plaintiff's Second Amended Complaint are not directed to FFIC and/or constitute conclusions of law to which no response is required of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "9" of the plaintiff's Second Amended Complaint.

10.     The allegations contained in paragraph "10" of the plaintiff's Second Amended Complaint constitute conclusions of law to which no response is required of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "10" of the plaintiff's Second Amended Complaint.

11.     FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "11" of the plaintiff's Second Amended Complaint.

12.     FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "12" of the plaintiff's Second Amended Complaint.

13.     FFIC admits that it provided an excess policy to Chesterton, bearing policy number XLX-120 45 23 for the period August 15, 1974 to January 1, 1977 (the "FFIC policy"). FFIC lacks knowledge or information sufficient to form a belief as to the remaining allegations

3

contained in paragraph "13" of the plaintiff's Second Amended Complaint and avers that any such insurance policies referred to in paragraph "13" speak for themselves.

14.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "14" of the plaintiff's Second Amended Complaint and avers that any such settlement agreements referred to in paragraph "14" speak for themselves.

15.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "15" of the plaintiff's Second Amended Complaint and avers that any documents relating to the ARC Trust referred to in paragraph "15" speak for themselves.

16.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "16" of the plaintiff's Second Amended Complaint and avers that the complaint referred to in paragraph "16" speaks for itself.

17.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "17" of the plaintiff's Second Amended Complaint and avers that any such rulings, orders or other decisions by the Superior Court referred to in paragraph "17" speak for themselves.

18.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "18" of the plaintiff's Second Amended Complaint and avers that any settlement agreements between the parties to the Superior Court action referred to in paragraph "18" speak for themselves.

19.   FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "19" of the plaintiff's Second Amended Complaint and avers that the Superior Court's decision referred to in paragraph "19" speaks for itself.

20.    FFIC lacks knowledge or information sufficient to form a belief as to the

allegations contained in paragraph "20" of the plaintiff's Second Amended Complaint and avers

that the briefs and record on the appeal before the Supreme Judicial Court of Massachusetts

referred to in paragraph "20" speak for themselves.

21.    To the extent that the allegations contained in paragraph "21" of the plaintiff's

Second Amended Complaint are directed to FFIC, FFIC admits that it issued the FFIC policy to

Chesterton. FFIC lacks knowledge or information sufficient to form a belief as to the remaining

allegations contained in paragraph "21" of the plaintiff's Second Amended Complaint.

## COUNT I

22.    FFIC repeats and reiterates each and every response contained in paragraphs "1"

through "21" above as if more fully set forth herein.

23.    The allegations contained in paragraph "23" of the plaintiff's Second Amended

Complaint are not directed to FFIC and, therefore, do not require a response of this answering

defendant. To the extent that a response is required, FFIC lacks knowledge or information

sufficient to form a belief as to the allegations contained in paragraph "23" of the plaintiff's

Second Amended Complaint.

24.    The allegations contained in paragraph "24" of the plaintiff's Second Amended

Complaint are not directed to FFIC and, therefore, do not require a response of this answering

defendant. To the extent that a response is required, FFIC lacks knowledge or information

sufficient to form a belief as to the allegations contained in paragraph "24" of the plaintiff's

Second Amended Complaint.

25.    The allegations contained in paragraph "25" of the plaintiff's Second Amended

Complaint are not directed to FFIC and, therefore, do not require a response of this answering

defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "25" of the plaintiff's Second Amended Complaint.

26. The allegations contained in paragraph "26" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "26" of the plaintiff's Second Amended Complaint.

27. The allegations contained in paragraph "27" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the plaintiff's Second Amended Complaint.

28. The allegations contained in paragraph "28" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "28" of the plaintiff's Second Amended Complaint.

29. The allegations contained in paragraph "29" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "29" of the plaintiff's Second Amended Complaint.

30. The allegations contained in paragraph "30" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "30" of the plaintiff's Second Amended Complaint.

31. The allegations contained in paragraph "31" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "31" of the plaintiff's Second Amended Complaint.

32. The allegations contained in paragraph "32" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "32" of the plaintiff's Second Amended Complaint.

33. The allegations contained in paragraph "33" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "33" of the plaintiff's Second Amended Complaint.

The prayer for relief for Count I of the plaintiff's Second Amended Complaint is not directed to FFIC and, therefore, does not require a response of this answering defendant. To the

extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the plaintiff's entitlement to the relief sought therein.

## COUNT II

34.     FFIC repeats and reiterates each and every response contained in paragraphs "1" through "33" above as if more fully set forth herein.

35.     The allegations contained in paragraph "35" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "35" of the plaintiff's Second Amended Complaint.

36.     The allegations contained in paragraph "36" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "36" of the plaintiff's Second Amended Complaint.

The prayer for relief for Count II of the plaintiff's Second Amended Complaint is not directed to FFIC and, therefore, does not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the plaintiff's entitlement to the relief sought therein.

## COUNT III

37.     FFIC repeats and reiterates each and every response contained in paragraphs "1" through "36" above as if more fully set forth herein.

8

38.     FFIC admits that it issued the FFIC policy to the plaintiff.  FFIC lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph "38" of the plaintiff's Second Amended Complaint.

39.     FFIC denies the plaintiff's characterization of the FFIC policy's language as set forth in paragraph "39" of the plaintiff's Second Amended Complaint and avers that the FFIC policy speaks for itself.

40.     FFIC denies the plaintiff's characterization of the FFIC policy's language as set forth in paragraph "40" of the plaintiff's Second Amended Complaint and avers that the FFIC policy speaks for itself.

41.     The allegations contained in paragraph "41" of the plaintiff's Second Amended Complaint constitute conclusions of law to which no response is required of this answering defendant.  To the extent that a response is required, FFIC denies the allegations contained in paragraph "41" of the plaintiff's Second Amended Complaint.

42.     The allegations contained in paragraph "42" of the plaintiff's Second Amended Complaint constitute conclusions of law to which no response is required of this answering defendant.  To the extent that a response is required, FFIC denies the allegations contained in paragraph "42" of the plaintiff's Second Amended Complaint.

43.     FFIC admits only that the plaintiff provided it with certain information relating to the asbestos-related lawsuits and denies the remaining allegations contained in paragraph "43" of the plaintiff's Second Amended Complaint.

44.     FFIC denies the allegations contained in paragraph "44" of the plaintiff's Second Amended Complaint.

9

45.     FFIC denies the allegations contained in paragraph "45" of the plaintiff's Second
Amended Complaint.

46.     FFIC denies the allegations contained in paragraph "46" of the plaintiff's Second
Amended Complaint.

47.     FFIC denies the allegations contained in paragraph "47" of the plaintiff's Second
Amended Complaint.

48.     FFIC denies the allegations contained in paragraph "48" of the plaintiff's Second
Amended Complaint.

FFIC denies that the plaintiff is entitled to the relief it seeks pursuant to Count III of the
plaintiff's Second Amended Complaint.

## COUNT IV

49.     FFIC repeats and reiterates each and every response contained in paragraphs "1"
through "48" above as if more fully set forth herein.

50.     FFIC admits only that a dispute exists between the plaintiff and FFIC with regard
to their respective rights and obligations under the FFIC policy in connection with the asbestos-
related claims against the plaintiff. The remaining allegations contained in paragraph "50" of the
plaintiff's Second Amended Complaint constitute conclusions of law to which no response is
required of this answering defendant. To the extent that a response is required, FFIC lacks
knowledge or information sufficient to form a belief as to the allegations contained in paragraph
"50" of the plaintiff's Second Amended Complaint.

51.     FFIC admits the allegations contained in paragraph "51" of the plaintiff's Second
Amended Complaint.

10

FFIC denies that the plaintiff is entitled to the relief it seeks pursuant to Count IV of the plaintiff's Second Amended Complaint.

## COUNT V

52.     FFIC repeats and reiterates each and every response contained in paragraphs "1" through "51" above as if more fully set forth herein.

53.     The allegations contained in paragraph "53" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "53" of the plaintiff's Second Amended Complaint.

54.     The allegations contained in paragraph "54" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "54" of the plaintiff's Second Amended Complaint.

55.     The allegations contained in paragraph "55" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "55" of the plaintiff's Second Amended Complaint.

56.     The allegations contained in paragraph "56" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information

11

sufficient to form a belief as to the allegations contained in paragraph "56" of the plaintiff's Second Amended Complaint.

57.    The allegations contained in paragraph "57" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "57" of the plaintiff's Second Amended Complaint.

58.    The allegations contained in paragraph "58" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "58" of the plaintiff's Second Amended Complaint.

59.    The allegations contained in paragraph "59" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "59" of the plaintiff's Second Amended Complaint.

60.    The allegations contained in paragraph "60" of the plaintiff's Second Amended Complaint are not directed to FFIC and, therefore, do not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph "60" of the plaintiff's Second Amended Complaint.

The prayer for relief for Count V of the plaintiff's Second Amended Complaint is not directed to FFIC and, therefore, does not require a response of this answering defendant. To the extent that a response is required, FFIC lacks knowledge or information sufficient to form a belief as to the plaintiff's entitlement to the relief sought therein.

The plaintiff's demand for a trial by jury does not require a response by FFIC.

## AFFIRMATIVE DEFENSES

FFIC sets forth its separate affirmative defenses to the plaintiff's Second Amended Complaint as follows:

### FIRST AFFIRMATIVE DEFENSE

The plaintiff's Second Amended Complaint, and each allegation contained therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff's Second Amended Complaint fails to set forth facts that would give rise to a claim against FFIC under the FFIC policy.

### THIRD AFFIRMATIVE DEFENSE

The claims asserted in the plaintiff's Second Amended Complaint may be barred by the applicable statute of limitations, by the applicable statute of repose, by the equitable doctrine of laches, by the doctrine of estoppel, by the doctrine of waiver, by the doctrine of unclean hands or by the doctrines of *res judicata,* collateral estoppel, claim preclusion and/or issue preclusion.

### FOURTH AFFIRMATIVE DEFENSE

FFIC is not liable to the plaintiff to the extent that there has been a failure to perform or comply with any of the obligations or conditions that are contained in the FFIC policy including, but not limited to, the notice, cooperation and consent requirements.

13

## FIFTH AFFIRMATIVE DEFENSE

The claims asserted in the plaintiff's Second Amended Complaint are barred to the extent there was a failure to take reasonable measures to mitigate, minimize or avoid any of the damages allegedly sustained.

## SIXTH AFFIRMATIVE DEFENSE

To the extent the plaintiff seeks coverage for damages related to any asbestos-related lawsuit and/or claim not timely tendered to FFIC in accordance with the FFIC policy, coverage for such untimely claims is barred either in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

FFIC is not liable under the FFIC policy for any pre-tender payments or costs, liabilities or obligations made or assumed or voluntarily paid by the plaintiff in connection with the asbestos-related lawsuits and/or claims.

## EIGHTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that the alleged "bodily injury" at issue in the asbestos-related lawsuits and/or claims did not take place during the FFIC policy period.

## NINTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that facts or other information material and/or relevant to the issuance of the FFIC policy or the handling of the asbestos-lawsuits and/or claims were not disclosed, were misrepresented and/or were concealed from FFIC.

## TENTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that the underlying asbestos-related lawsuits and/or claims allege "bodily injury" which took place during periods in which Chesterton was uninsured, self-insured or not insured by FFIC.

14

## ELEVENTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that the relief sought in the plaintiff's Second Amended Complaint is equitable in nature.

## TWELFTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that the limits of the underlying policy issued by U.S. Fire Insurance Company and all other underlying policies have not been exhausted.

## THIRTEENTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent that the injuries alleged in the asbestos-related lawsuits and/or claims was expected, intended or otherwise arose out of intentional conduct on the part of the plaintiff, either in whole or in part.

## FOURTEENTH AFFIRMATIVE DEFENSE

FFIC is not liable under its policy to the extent the plaintiff seeks coverage for events, acts, occurrences, transactions, losses or claims that were in progress and/or known to the insured at the time the plaintiff contracted for the FFIC policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

The FFIC policy states that FFIC will "indemnify the insured for the insured's ultimate net loss in excess of the insurance afforded under" the underlying policies. To the extent that the plaintiff seeks relief under its Second Amended Complaint that is contrary to and/or beyond FFIC's agreement to indemnify, the claims against FFIC should be dismissed.

## SIXTEENTH AFFIRMATIVE DEFENSE

The FFIC policy defines "ultimate net loss" as "all sums actually paid, or which the Insured is legally obligated to pay, as damages in settlement or satisfaction of claims or suits for

15

which insurance is afforded by this policy." To the extent that the plaintiff seeks amounts beyond those attributable to "damages in settlement or satisfaction of claims or suits", the claims against FFIC should be dismissed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to the holding in *Colonial Gas Co. v. Aetna Casualty & Surety*, 823 F. Supp. 975 (D. Mass. 1993), the FFIC policy's single occurrence limit of liability is applicable to the plaintiff's claim for indemnity for the asbestos-related lawsuits and/or claims. To the extent that the plaintiff seeks amounts beyond the FFIC policy's single occurrence limit of liability, the claims against FFIC should be dismissed.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The FFIC policy does not follow form to the underlying insurance policies with regard to certain terms and conditions which include, but are not limited to, the obligation to defend. Accordingly, FFIC has no duty to defend under the plaintiff against the asbestos-related lawsuits and/or claims under the FFIC policy. To the extent that the plaintiff seeks a declaration that FFIC is obligated to defend it against the asbestos-related lawsuits and/or claims, the claims against FFIC should be dismissed.

## NINTEENTH AFFIRMATIVE DEFENSE

The FFIC policy provides that FFIC "shall not, however, be called upon to assume charge of the settlement or defense against the Insured but shall have the right and opportunity to be associated with the Insured in the defense and trial of any such claims, suits or proceedings relative to any occurrence which, in the opinion of the Company, may create liability on the part of the Company under the terms of the policy." Accordingly, FFIC has an option, rather than an obligation, to defend the plaintiff against the asbestos-related lawsuits and/or claims. To the

extent that the plaintiff seeks a declaration that FFIC is obligated to defend it against the asbestos-related lawsuits and/or claims, the claims against FFIC should be dismissed.

## TWENTIETH AFFIRMATIVE DEFENSE

FFIC is not responsible for paying the plaintiff's defense costs and expenses for the asbestos-related lawsuits and/or claims under the FFIC policy unless the plaintiff incurs such amounts with FFIC's consent. To the extent that the plaintiff failed to obtain FFIC's consent to incur the defense costs and expenses sought in the Second Amended Complaint, the claims against FFIC should be dismissed.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The FFIC policy provides that "the insurance afforded by this policy is subject to the same warranties, terms (including terms used to describe the application of the limits of liability), conditions and exclusions as are contained in the underlying insurance on the effective date of this policy, except, unless otherwise specifically provided in this policy, any such warranties, terms, conditions or exclusions relating to premium, the obligation to investigate and defend, the amount and limits of liability, and any renewal agreement." Pursuant to this provision, the FFIC policy incorporates those provisions set forth in the underlying policy issued by U.S. Fire Insurance Company which are not inconsistent with the coverage provided under the FFIC policy. To the extent that the plaintiff failed to comply with the terms, conditions or obligations of the FFIC policy and/or the U.S. Fire Insurance Company policy, the claims against FFIC should be dismissed. FFIC incorporates by reference all affirmative defenses raised or which could have been raised by U.S. Fire Insurance Company and/or the other underlying insurers in the prior actions referenced in the plaintiff's Second Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

17

FFIC is not liable, either in whole or in part, to the extent the plaintiff seeks coverage for amounts which are covered by other insurance.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

FFIC is not liable, either in whole or in part, to the extent the plaintiff seeks coverage under the FFIC policy in place of other insurance which has, is or becomes invalid, uncollectible, or otherwise unavailable due to the insolvency of such underlying or other insurers.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

FFIC is not liable, either in whole or in part, to the extent the plaintiff has impaired, prejudiced or otherwise compromised any right to subrogation, indemnification or contribution, either at law or in equity, that FFIC has, had or may have.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

FFIC is not obligated to indemnify the plaintiff for any amounts that have not yet arisen and/or for amounts that have not yet been paid.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that the FFIC policy may be determined to respond to any claim or suit, a proper allocation of the loss or damages between FFIC, the plaintiff, the plaintiff's other insurers and/or other parties is required.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The plaintiff, in its Second Amended Complaint, has failed to set forth its claims with sufficient particularity as to enable FFIC to determine all applicable affirmative defenses. Moreover, the plaintiff has failed to provide FFIC with specific and/or necessary information concerning the asbestos-related lawsuits and/or claims for which it seeks coverage under the FFIC policy. Therefore, FFIC reserves its rights to assert any additional defenses that may be

18

applicable, to withdraw any defenses that are found to be inapplicable and to more specifically

assert affirmative defenses once the precise nature of the claims and/or sufficient information

regarding the asbestos-related lawsuits and/or claims is ascertained through discovery and further

investigation.

## PRAYER FOR RELIEF

WHEREFORE, FFIC respectfully requests that this Court grant judgment as appropriate

in its favor, as follows:

a. Dismissing all claims against FFIC with prejudice, and award it all costs,
   disbursements and attorneys' fees with respect to this action;

b. That FFIC is not obligated to defend and/or reimburse defense costs or to
   indemnify the plaintiff in connection with the underlying claims and underlying
   liability actions;

c. In the alternative, if the Court finds that FFIC is obligated to indemnify the
   plaintiff in connection with the asbestos-related lawsuits and/or claims, that the
   FFIC policy's single limit of liability is applicable to the plaintiff's claim for
   coverage pursuant to the holding in *Colonial Gas Co. v. Aetna Casualty & Surety*,
   823 F. Supp. 975 (D. Mass. 1993);

d. That the plaintiff is not entitled to the relief requested in the Second Amended
   Complaint; and

e. That this Court grant such other and further relief as this Court may deem just,
   proper and equitable.

19

Dated: December 27, 2005

DEFENDANT FIREMAN'S FUND
INSURANCE COMPANY

By:

Mark W. Roberts
Bar No. 554038
McRoberts Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 722-8222
Fax: (617) 720-2320


Gary D. Centola (*pro hac vice*)
Janice McGuckin-Greenberg (*pro hac vice*)
Rivkin Radler, LLP
926 Reckson Plaza, West Tower
Uniondale, New York  11556-0926
Tel:  (516) 357-3000
Fax: (516) 357-3333

## CERTIFICATE OF SERVICE

This is to certify that on this 27th day of December, 2005, I hereby mailed via first class mail a copy of the foregoing to all counsel of record.

Mark W. Roberts

1907423 v1