UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
A.W. Chesterton Company,             )
    Plaintiff,                  )
                                     )
v.                                   )     Civil Docket Number:
                                     )     04-CV-12501 GAO
Fireman's Fund Insurance Co. and     )
Atlanta International Insurance Co., )
formerly Drake Insurance Co. of New York, )
    Defendants.                 )
_____)

**MEMORANDUM IN SUPPORT OF CHESTERTON'S
MOTION FOR LEAVE TO AMEND COMPLAINT AND TO REMAND**

The Plaintiff, A.W. Chesterton Company ("Chesterton"), hereby respectfully submits this memorandum in support of its motion for leave to amend its complaint and to remand this action to the Middlesex Superior Court. Chesterton seeks to add claims against the Massachusetts Insurers Insolvency Fund (the "MIIF") alleging that the MIIF has a present duty to defend Chesterton. Because this amendment destroys diversity jurisdiction, Chesterton requests that the case be remanded. Both the MIIF and defendant Atlanta International Insurance Company ("Atlanta") agree that the MIIF is a necessary party; the MIIF agrees that the case should be remanded and Atlanta does not oppose this motion.

**BACKGROUND**

Chesterton is a manufacturer of products that, for many years, contained encapsulated asbestos. Over 440,000 claims have been asserted against Chesterton by persons alleging personal injury resulting from exposure to asbestos fibers (the "Underlying Claims"). From 1968 through 1986, Chesterton maintained primary comprehensive general-liability policies (the "primary policies") and several layers of excess-insurance policies (the "excess policies") that provide coverage for asbestos-related liability.

In 1996, Chesterton filed a civil action for a declaratory judgment in the Middlesex Superior Court (*A.W. Chesterton Co. v. Northbrook Excess & Surplus Ins. Co., et al.*, Middlesex Civil Action No. 96-4871), against Chesterton's primary-layer excess insurers and the MIIF, seeking a declaration of their respective obligations and damages from the insurers for breach of their policies (the "1996 suit"). The 1996 suit proceeded to judgment, which entered September 2, 2003. In that judgment, the court declared, inter alia, that Chesterton had exhausted all primary policies that were required to be exhausted and that the MIIF, as successor to duties of the insolvent Midland Insurance Co., is required to defend Chesterton once Chesterton establishes that no other policy provides a duty to defend that has not been exhausted. On December 12, 2005, the Massachusetts Supreme Judicial Court modified one aspect of the final judgment but otherwise affirmed. *A.W. Chesterton Co. v. Massachusetts Insurers Insolvency Fund*, 445 Mass. 502, 838 N.E.2d 1237 (2005). The issues on which the proposed Third Amended Complaint in this case seeks a declaration against the Fund—whether, in fact, all available duty-to-defend coverage has been exhausted, thus triggering the MIIF's present duty to defend—were *not* at issue in the appeal and therefore were not decided by the SJC.

In the action now before this Court, Chesterton is pursuing claims for second-layer excess coverage. Fireman's Fund Insurance Co. ("Fireman's") and Atlanta (formerly known as Drake Insurance Company of New York) issued second-layer excess policies to Chesterton (the "Fireman's Policy" and the "Atlanta Policy," respectively).[1] The effective period of the Fireman's Policy is August 15, 1974 to January 1, 1977; the effective period of the Atlanta Policy is January 1, 1977 to January 1, 1978. The Fireman's and Atlanta policies obligate the respective insurer to pay Chesterton's loss in excess of the underlying primary and first-layer

---

[1] As is discussed in more detail below, Chesterton also asserted claims against St. Paul Fire and Marine Insurance Co., but these claims were voluntarily dismissed after settlement.

2

excess policies. Chesterton contends that these policies also obligate these insurers to pay a proportionate share of costs and expenses associated with the Underlying Claims under certain circumstances. Nearly every claimant in the Underlying Claims alleges asbestos-related injury during the time the Fireman's and Atlanta policies were in effect, thus triggering both policies. In addition, Chesterton has exhausted all primary and first-layer excess policies required to be exhausted before Fireman's and Atlanta's obligations arise.

Pursuant to the final judgment in the 1996 suit, the MIIF must assume its duty to defend Chesterton once there is no other policy with such a duty that has not been exhausted. Although Chesterton alleges that the Fireman's and Atlanta policies require those insurers to pay a proportionate share of costs and expenses under certain circumstances, the Superior Court and the SJC held that this duty—to indemnify for defense costs—does not alter the MIIF's duty to defend. There are no unexhausted policies by solvent insurers that include a duty to defend Chesterton against the Underlying Claims. Therefore, the MIIF must now assume its duty to defend. Through October 18, 2005, the MIIF owed Chesterton in excess of $5 million in defense costs.

On December 8, 2005, Atlanta filed a third-party complaint against the MIIF (the "Third-Party Complaint"). Atlanta seeks declarations (1) that the Atlanta policy does not contain a duty to defend Chesterton, (2) that the Atlanta policy does not obligate Atlanta to pay for costs incurred in Underlying Claims (except those costs incurred voluntarily with Atlanta's written consent), and (3) that the Fund is bound by these declarations. However, as discussed below, Atlanta's claims against the MIIF will not settle the controversy between Chesterton and the MIIF. This controversy is inextricably intertwined with Chesterton's claims against Atlanta and Fireman's, and with Atlanta's claims against the MIIF. To ensure that all parties are bound by

judicial resolution of these issues, and to avoid inconsistent results, Chesterton must be allowed to assert claims against the MIIF in this action. Otherwise, Chesterton will be forced to initiate a second action in the Superior Court to obtain resolution of its claims against the MIIF that it likely cannot raise in this federal-court diversity action. That second action will involve the same parties as this action as well as the MIIF, and it will require resolution of many of the issues that this case presents.

## ARGUMENT

Amendment is appropriate and remand is required under 28 U.S.C. § 1447(e) because the MIIF is an indispensable party under Fed. R. Civ. P. 19 or, alternatively, because the MIIF is a party whose joinder the court should allow under Fed. R. Civ. P. 20(a).

Title 28 U.S.C. § 1447(e), provides:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447(e). In circumstances where a nondiverse defendant is sought to be joined, courts have interpreted this statute to require balancing of the equities involved and consideration of the interests of and prejudices to the parties. *Morze v. Southland Corp*., 816 F. Supp. 369, 370 (E.D. Pa. 1993); *Carter v. Dover Corp., Rotary Lift Div*., 753 F. Supp. 577, 579 (E.D. Pa. 1991). Whether a proposed defendant is indispensable under Rule 19 is also a consideration. However, whether or not the nondiverse defendant is indispensable, its joinder destroys diversity.[2] *Casas Office Machs., Inc. v. Mita Copystar America, Inc*., 42 F.3d 668, 674 (1st Cir. 1994). The First Circuit has stated:

---

[2] Because Chesterton and the MIIF are citizens of the same state (Massachusetts), there can be no doubt that diversity is destroyed by Chesterton's claims against the MIIF. See generally *Strawbridge v. Curtiss*, 7 U.S. 267 (1806).

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). If, on the other hand, the defendant is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.

*Id.* at 675 (citations omitted).

Among the factors courts consider under § 1447(e) are: (1) any delay (measured from the date of removal), and the reasons for the delay, in seeking to amend; (2) any resulting prejudice to the defendant; (3) the threat of multiple litigation; and (4) the plaintiff's motive in moving to amend, i.e., whether the purpose of the amendment is to defeat diversity jurisdiction. See *Casas Office Machs., Inc.*, *supra* at 675 n.8, citing *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987); *Da Cruz v. Towmasters of New Jersey, Inc.*, 217 F.R.D. 126, 134 (E.D.N.Y. 2003); *Rosenthal v. Life Fitness Co.*, 977 F. Supp. 597, 600 (E.D.N.Y. 1997).

Each of these factors indicates that amendment is appropriate in this case. First, there is no undue delay. Chesterton initiated this action originally against St. Paul Fire and Marine Insurance Co. ("St. Paul") in Middlesex Superior Court. St. Paul removed the case to this Court in November 2004. Chesterton promptly filed a Motion to Amend and to Remand in February 2005. (Docket No. 6.) (As required by Local Rule 15.1, Chesterton served that motion on the then-proposed defendants in January 2005, weeks before filing.) That motion, which sought to add Fireman's, Atlanta, and the MIIF, was withdrawn as to the MIIF; Chesterton and St. Paul reached a settlement, and the amended complaint stating claims against Fireman's and Atlanta was allowed just before St. Paul was voluntarily dismissed from the action. The motion to add the MIIF is promptly renewed now, before any formal discovery has taken place, before any dispositive motions have been filed, and before action by this Court on the merits of this case.

5

See *Rosenthal*, 977 F. Supp. at 600; *Mammano v. American Honda Motor Co.*, 941 F. Supp. 323, 325 (W.D.N.Y. 1996). This indicates that Chesterton is not motivated by a desire to destroy diversity, but to manage this complex litigation more efficiently. See *Rosenthal*, 977 F. Supp. at 601. Contrast *Dieng v. Smith & Nephew Dyonics, Inc.*, 2003 WL 22240748, * 3 (S.D.N.Y. 2003) (bare assertions that plaintiff is motivated only to destroy diversity do not suffice to prove such motivation). As Chesterton stated in its original motion to amend and remand, it intended to add the MIIF as a party defendant in the Superior Court, but St. Paul removed the case before Chesterton could do so. The subsequent delay in seeking to add the MIIF, occasioned by the settlement with St. Paul and the litigation before the Supreme Judicial Court, is without consequence.

There is clearly no prejudice to Fireman's or Atlanta. As noted, no formal discovery has been conducted, no dispositive motions have been filed, and this Court has taken no action on the merits of this case. Fireman's and Atlanta were not added as defendants (by service of process) until November, 2005, and they only recently filed answers. Neither Fireman's nor Atlanta removed this case to federal court. See *Mammano*, 941 F. Supp. at 325 (defendants showed no prejudice, particularly since litigation still in early stages). Moreover, this case involves *exclusively state-law claims*. *Id*. (all plaintiff's claims were based exclusively on state law); *Carter*, 753 F. Supp. at 580 (same). See *Employers Reinsurance Corp. v. Karussos*, 65 F.3d 796, 799 (9th Cir. 1995), *overruled on other grounds*, *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (comity concerns especially weighty in insurance-coverage actions presenting only state-law issues); *U.S. Liability Ins. Co. v. Wise*, 887 F. Supp. 348, 351-52 (D. Mass. 1995) (discussing federalism concerns in case of insurance-coverage litigation presenting difficult and unsettled state-law questions). Fireman's and Atlanta will have the same

opportunity to defend these claims in state court as they would in this Court. See *Rosenthal*, 977 F. Supp. at 600.

Most significantly, if amendment is not allowed and the case is not remanded, Chesterton will be forced to litigate *two* proceedings in different forums. The judgment in the 1996 suit makes clear that, once no other insurer has a duty to defend Chesterton against Underlying Claims, the MIIF has that duty. That judgment also makes clear that the MIIF's obligations are in no way dependent on whether any "ultimate net loss" coverage is exhausted. In other words, the MIIF's duty to defend is triggered regardless of whether Fireman's and Atlanta have a duty to pay a proportionate share of costs and expenses associated with Chesterton's defense. This was expressly upheld by the Supreme Judicial Court. *A.W. Chesterton Co.*, 445 Mass. at 527, 838 N.E.2d at 1256. Chesterton anticipates that the MIIF will litigate whether, in fact, all solvent duty-to-defend coverage has been exhausted, whether the Fireman's and Atlanta Policies include a duty to defend, and the scope of Fireman's and Atlanta's obligations to indemnify for defense costs in an attempt to reduce its duty-to-defend obligations or to obtain contribution from them. If Fireman's and Atlanta's duties under their respective policies are judicially resolved in a proceeding to which the MIIF is not a party, the MIIF may take the position that it is entitled to relitigate those very issues to determine the scope of its defense obligations. The evidence in that duplicative proceeding will be largely the same as in this case. Results may be inconsistent, placing conflicting obligations on Chesterton. Judicial resources will certainly be wasted. *Hensgens*, 833 F.2d at 1182. See *Mammano*, 941 F. Supp. at 325 (fact that theories of liability are different does not weigh against joinder, as claims arose from single source); *Morze*, 816 F. Supp. at 371 (elements and facts relevant to each cause of action overlap, and duplicative testimony was probable). At the very least, resolution of this case will be hampered by delay and

duplication if the MIIF is not a party.

Moreover, the same factors that decide whether a nondiverse defendant is indispensable also militate in favor of joinder. Even under a strict Rule 19 analysis, the MIIF is an indispensable party, as the MIIF agreed in its response to Chesterton's original motion to amend and to remand. "Resolution of the issues asserted in the proposed Amended Complaint will directly affect the rights and responsibilities of the [MIIF] and complete relief cannot be afforded to the present parties without the [MIIF]." (MIIF's Response at 1, Docket No. 15.) The MIIF agreed that, if it is not joined, "Chesterton will be required to institute a second action to establish the [MIIF's] current duty to defend." *Id*. at 3. If the MIIF is not joined, the result would be "unnecessarily delaying final resolution of important matters and possible inconsistent judicial determinations." *Id*. Thus, joinder is necessary "to conserve judicial resources and avoid multiple litigation of a single issue." *Id*. Chesterton asserts that the evidence supporting joinder of the MIIF has grown stronger in the interim since the original motion to amend and remand. The SJC upheld nearly all of the Superior Court's judgment concerning the MIIF. Because no other insurer currently has a duty to defend Chesterton, the MIIF now has that duty and, as of October, 2005, owed Chesterton in excess of $5 million in defense costs.

Finally, even if the Court does not find the MIIF to be indispensable, the Court should permit joinder. The MIIF is now required to defend Chesterton for the same claims for which Fireman's and Atlanta are required to indemnify Chesterton. In the words of Rule 20(a), Chesterton's claims against the MIIF arise out of "the same transaction, occurrence, or series of transactions or occurrences." There are common questions of law and fact. See *Wilson v. Famatex GmbH Fabrik Fuer Textilausruestungsmaschinen*, 726 F. Supp. 950, 951-952 (S.D.N.Y. 1989) (Lasker, J.).

Significantly, Atlanta's claims against the MIIF would *not* settle the controversy between Chesterton and the MIIF. For example, Chesterton seeks a declaration that it has exhausted all duty-to-defend coverage required to be exhausted as a prerequisite to the MIIF's duty to defend, and that all conditions precedent to the MIIF's defense obligations have been satisfied. Issues related to the timing of the MIIF's defense obligations are bound up with this determination. None of these—and myriad other issues that must be determined as part-and-parcel of Chesterton's claims against the MIIF—will be settled by virtue of Atlanta's third-party complaint.

It is important to observe that, in addition to the MIIF, Atlanta itself agrees that the MIIF is a necessary party as respects the coverage issues involved in this matter, and it has indicated to Chesterton that for this reason it will not oppose this motion to amend and remand. Thus, the only party to this action that currently intends to oppose this motion is Fireman's. Chesterton respectfully asserts that the fact the Plaintiff, one Defendant, and the proposed new Defendant are all in agreement weighs heavily in favor of allowing the amendment and ordering remand to the Middlesex Superior Court.

## CONCLUSION

For the foregoing reasons, Chesterton requests that this Court grant leave to amend the complaint and that the Third Amended Complaint, attached as Exhibit 1 to Chesterton's Motion for Leave to Amend Complaint and to Remand, be entered on the docket. Chesterton also requests that this Court remand this action to the Middlesex Superior Court.

Respectfully submitted,

A.W. CHESTERTON COMPANY,
by its attorneys,

9

/s/ Martin F. Gaynor III
Harry L. Manion III, BBO No. 317440
Martin F. Gaynor III, BBO No. 564384
Nicholas D. Stellakis, BBO No. 644981
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA  02110
(617) 737-3100
Email: mgaynor@cmjlaw.com

147228v1

**CERTIFICATE OF SERVICE**

I hereby certify that the above document, Memorandum in Support of Chesterton's Motion for Leave to Amend Complaint and to Remand, was filed through the ECF system for electronic service to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants (if any) on January 23, 2006.

/s/ Martin F. Gaynor III