UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON COMPANY, ) | Civil Docket Number: |
| Plaintiff, ) | 04-CV-12501-GAO |
| -against- ) | |
| ST. PAUL FIRE AND MARINE INSURANCE CO., ) | |
| FIREMAN'S FUND INSURANCE CO., ) | |
| ATLANTA INTERNATIONAL INSURANCE CO., ) | |
| FORMERLY, DRAKE INSURANCE CO. ) | |
| OF NEW YORK, ) | |
| Defendants. ) | |

**FIREMAN'S FUND INSURANCE COMPANY'S MEMORANDUM
OF LAW IN OPPOSITION TO A.W. CHESTERTON'S
MOTION TO AMEND COMPLAINT AND TO REMAND**

Defendant Fireman's Fund Insurance Company ("FFIC"), by and through its counsel, pursuant to 28 U.S.C. 1447(e), hereby submits this memorandum of law in opposition to plaintiff A. W. Chesterton Inc.'s ("plaintiff" or "Chesterton") Motion For Leave To Amend Complaint And To Remand (the "Motion").

**I.   PRELIMINARY STATEMENT**

Chesterton's Motion should be denied because the limited relief sought by the plaintiff against the Massachusetts Insurance Insolvency Fund ("MIIF") may be achieved without the need for it to be a direct defendant. Thus, in the discretion of the court, and upon balancing the equities between the parties, there is no need to amend the complaint to potentially destroy diversity, and the Motion should be denied.

First, as discussed below, MIIF is not a necessary party in this case. Thus the Court has the discretion to permit joinder or not. And it should not. Second, the essential reason

Chesterton seeks to join MIIF as a direct defendant is simply to allow plaintiff to enforce a Judgment (*see*, Section I.A., *infra*) obtained in another case in the event this Court determines that neither FFIC nor Atlanta International Insurance Company ("Atlanta") has a duty to defend Chesterton. However, as a practical matter, all that plaintiff has to do to enforce its Judgment (to the extent it even needs to do so) is to join any motion practice by FFIC and/or Atlanta that seeks a ruling on their duty to defend and request this Court, if necessary, to add a statement in the resulting order that MIIF now has an immediate first-dollar duty to defend Chesterton against asbestos-related bodily injury claims ("Subject Claims") that are asserted against it.

Thus, there is no legitimate reason to permit Chesterton to defeat this Court's subject matter jurisdiction, and the Court should deny the plaintiff's motion to amend and remand.

I. **BACKGROUND**

   A. **Litigation Between Chesterton and MIIF**

In 1996, Chesterton commenced a lawsuit in the Superior Court of Middlesex County, Massachusetts (the "State Court") against Midland Insurance Company ("Midland"), which issued Chesterton four first-layer excess insurance policies, and other insurers who issued Chesterton excess policies in the same layer (collectively, the "First Layer Excess Litigation"). In the First Layer Excess Litigation, Chesterton sought a judicial declaration regarding the parties' rights and obligations under the first-layer excess policies with respect to the Subject Claims. In light of Midland's insolvency, MIIF became the party in interest with respect to the Midland Policies. Before trial, all of the insurers in the First Layer Excess Litigation settled with the exception of MIIF. Chesterton and MIIF ultimately tried their issues before a state court judge.

On September 2, 2003, the state court issued a final judgment in connection with the litigation between Chesterton and MIIF (the "State Court Judgment").[1]

The MIIF appealed that ruling (and others), and the Supreme Judicial Court of Massachusetts ultimately affirmed that Judgment. *See A.W. Chesterton v. Massachusetts Insurers Insolvency Fund*, 445 Mass. 502, 838 N.E.2d 1237 (2005).

**B.  Procedural History Of This Case**

Chesterton originally brought this action against St. Paul and after settling with it, amended its complaint to assert claims against FFIC and Atlanta, who issued second layer excess coverage, as well as the MIIF. Ultimately, however, Chesterton elected not to sue the MIIF directly. After Atlanta brought MIIF into this action by way of a third party complaint, Chesterton now seeks to amend its complaint to add MIIF as a direct defendant to obtain a ruling, if necessary, from the Court that, "There is no policy from a solvent carrier that provides

---

[1] The State Court Judgment contains the following rulings with respect to the manner and extent to which MIIF has a duty to defend Chesterton under the insolvent Midland Policies:

It is ORDERED, ADJUDGED, and DECLARED:

[3.] That the Fund is obligated to defend Chesterton as to claims or actions that assert of [sic] adumbrate a claim that the inured [sic] party inhaled asbestos before or during a policy period of any of the valid Midland policies and there had been no diagnosis, death, or claim made prior to the commencement date of said policies. This obligation is conditioned as set forth in paragraph (5) below and the Fund has no further obligation to defense as to a specific policy when the indemnity limits of such policy have been exhausted.

[5.] That the Fund has no duty to defend actions against A.W. Chesterton unless Chesterton establishes that there is no policy from a solvent carrier which provides a duty to defend coverage - that has not been exhausted. Chesterton does not have to establish that all or any "ultimate net loss' coverages have been exhausted as a precondition for the Fund to have a duty to defend.

[6.] That the monetary limits of the Fund's obligations are: (a) $299,999 in the aggregate for each bodily injury claim arising out of the inhalation of asbestos, including, within the $299,999 limitation, consortium claims and derivative claims; and (b) $299,999 for legal fees and costs incurred in the defense of each bodily injury claim.

duty to defend coverage that has not been exhausted," and thus, "the MIIF is required to assume its duty to defend obligations." Complaint at 12.

## II. ARGUMENT

Courts apply stricter scrutiny, where as here, a plaintiff seeks to join a non-diverse *party* post-removal, than with a mere request for an amendment under Rule 15. *See, e.g., Casas Office Machines, Inc. v. Mita Copystar, Inc.,* 42 F.3d 668, 675 n.8 ( 1st Cir. 1995); *Stewart v. Marriott Courtyard et al.,* 2003 WL 22883629 at * 1 (E.D. La. Dec. 5, 2003) ("Suffice it to say, the right to freely amend as set forth in Fed.R.Civ.P. 15 does not apply in this instance, involving a post-removal amendment adding non-diverse defendants"); *Hensgens v. Deere & Company,* 833 F.2d 1179, 1182 (5th Cir. 1987)("The district court, when faced with an amended naming a new non-diverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."). When, as here, a plaintiff seeks to join a non-diverse defendant after the case has been removed to federal court, the district court's analysis is governed by 28 U.S.C. §1447(e), which provides the district court with two options, once it determines that the party sought to be joined is not a necessary party,[2] "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Id.*

In *Mita Copystar,* the First Circuit cited favorably the factors set forth in the Fifth Circuit's decision of *Hensgens v. Deere & Co.,* 833 F.2d 1179 (5th Cir..1987), to determine whether a district court should permit a plaintiff to add, post-removal, a non-diverse party under §1447(e). *Mita Copystar,* 42 F.3d at 675 n.8. These factors are (1) the plaintiffs motivation in

---

[2] Clearly MIIF is not a necessary party to this litigation because it is generally recognized that a person does not become indispensable to an action to determine rights under a contract simply because that person's rights or obligations under an entirely separate contract will be affected by the result of the action. *Ferrofluidics Corp. v. Advanced Vacuum Components, Inc.* 968 F.2d 1463 (1st. Cir. 1992).

4

seeking to join the additional party (i.e., whether the amendment is designed to destroy federal subject matter jurisdiction) (2) the defendant's interest in a federal forum; (3) the prejudice, if any, to the plaintiff if the amendment is not granted; and (4) the timeliness of the request to amend. *See Hensgens,* 833 F.2d at 1182. Applying these factors compels the conclusion that Chesterton's Motion should be denied.

### A. Chesterton's Motion To Join MIIF Is Designed To Defeat Federal Subject Matter Jurisdiction

There is no compelling reason for MIIF to be a direct defendant in this lawsuit. First, Chesterton did not name MIIF as a defendant when it originally sued St. Paul (who has since settled) in state court. Although Chesterton previously indicated its intention to amend its complaint to name the MIIF as a direct defendant along with FFIC and Atlanta, it ultimately chose not to do so. Rather, Chesterton only seeks to join MIIF as a party long after St. Paul removed this case to federal court. This sequence of events suggests that Chesterton's motivation in seeking to join MIIF is to destroy federal jurisdiction, because of Chesterton's mistaken belief that it will be forced to litigate two different proceedings in two different forums. *See, e.g., O'Connor v. Automobile Ins. Co of Hartford,* 846 F.Supp. 39, 41 (E.D. Tex. 1994) (finding that plaintiffs proposed joinder of non-diverse party after removal *was* designed to defeat federal jurisdiction because plaintiff referred to the non-diverse party in the complaint plaintiff filed in state court but did not seek to join the party until defendant removed the case to federal court); *see generally Mayes v. Rapoport,* 198 F.3d 457, 463 (4th Cir. 1999) ("Especially where, as here, a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction.").

Chesterton simply does not articulate any compelling explanation as to why MIIF should be a direct defendant in this action. As previously discussed, the MIIF has an obligation to defend Chesterton once it is determined that there is no other policy from a solvent carrier which provides a duty to defend that has not been exhausted. Thus if this Court decides that FFIC and Atlanta have no duty to defend, FFIC and Atlanta's duties under their respective policies will have been determined. At that point, this Court can order the MIIF to undertake its obligation to defend Chesterton. Because that is the only relief sought by Chesterton against MIIF, MIIF does not need to be a direct defendant to this action.[3] The same result will be .

**B.    FFIC Has a Strong Interest in Litigating This Matter in Federal Court**

The second factor is the defendant's interest in maintaining a federal forum in which to litigate the claims asserted against it. *See e.g., Hensgens,* 833 F.Supp. at 1182 (stating that "the addition of a non-diverse party must not be permitted without consideration of the original defendant's interest in the choice of forum"). St. Paul properly removed this case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 and, FFIC, like St. Paul, is an out-of-state corporation, and has a strong interest in litigating this case in this Court. As previously discussed, Chesterton's Motion, if granted, would destroy FFIC's interest in maintaining a federal forum. This factor plainly weighs in favor of denying Chesterton's Motion.

**C.    Chesterton Will Not be Prejudiced if this Court Denies
its Motion to Amend and Join the MIIF**

Chesterton will not suffer any prejudice if the Court does not permit it to join MIIF as a direct defendant in this case. Chesterton contends that "if amendment is not allowed and the case is not remanded, Chesterton will be forced to litigate two proceedings in different forums,"

---

[3] Indeed, the question of whether FFIC and Atlanta have a duty to defend Chesterton, is a contractual dispute solely between Atlanta and FFIC and their insured, Chesterton. MIIF simply has no privity with respect to this dispute. In any event, MIIF's status as a third-party defendant will provide Chesterton with the vehicle it believes necessary to bind the MIIF.

which Chesterton asserts creates the possibility of "inconsistent results." There are several flaws in this argument.

First, Chesterton initially sued St. Paul (and now FFIC and Atlanta) in a separate Massachusetts state court action. Therefore, Chesterton itself opted to litigate two proceedings in two different forums (i.e. Chesterton's litigation against MIIF, and its separate action filed against St. Paul). Consequently, Chesterton should not be heard to complain about the consequences of two separate actions.

More importantly, despite stating that if it is not permitted to join MIIF as a direct defendant to this action would create the possibility of inconsistent results, Chesterton does not (and cannot) articulate what the inconsistent result would be. As previously discussed, MIIF already has an obligation to defend Chesterton once it is determined that there is no other policy from a solvent carrier which provides a duty to defend that has not been exhausted. Thus if this court determines that FFIC and Atlanta have no duty to defend, it can simultaneously order MIIF to undertake its obligation to defend Chesterton. To obtain that relief, MIIF need not be a direct defendant.

### D.   The Timing of Chesterton's Motion to Amend

St. Paul originally removed this action on November 24, 2004. Chesterton did not file this Motion until January, 2006. This delay even if not dilatory *per se,* certainly does not militate in favor of granting Chesterton's Motion.

7

### III. CONCLUSION

Chesterton offers no compelling reason why MIIF should be joined as a direct defendant in this action when it is already present in this action as a third-party defendant. Thus, FFIC respectfully requests that this Court deny Chesterton's Motion.

Dated: February 13, 2006

DEFENDANT FIREMAN'S FUND
INSURANCE COMPANY

By: _____
Mark W. Roberts
Bar No. 554038
McRoberts Roberts & Rainer, LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
Tel: (617) 722-8222
Fax: (617) 720-2320

_____
Gary D. Centola (*pro hac vice*)
Janice McGuckin-Greenberg (*pro hac vice*)
Rivkin Radler, LLP
926 Reckson Plaza, West Tower
Uniondale, New York  11556-0926
Tel:  (516) 357-3000
Fax: (516) 357-3333

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), FFIC hereby requests that the Court schedule a hearing on the Motion and FFIC's Opposition before issuing a ruling. FFIC believes that oral argument may assist the Court, and wishes to be heard before the Court decides the Motion.

_____
Mark W. Roberts

1918148 v1