UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON COMPANY, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ST. PAUL FIRE & MARINE ) | |
| INSURANCE CO., FIREMAN'S FUND ) | CIVIL ACTION NO. 04-CV-12501 GAO |
| INSURANCE CO., ATLANTA ) | |
| INTERNATIONAL INSURANCE CO., ) | |
| formerly DRAKE INSURANCE CO. ) | |
| OF NEW YORK, ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ATLANTA INTERNATIONAL ) | |
| INSURANCE CO., f/k/a ) | |
| DRAKE INSURANCE CO. OF ) | |
| NEW YORK, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MASSACHUSETTS INSURERS ) | |
| INSOLVENCY FUND, ) | |
| ) | |
| Third-Party Defendant. ) | |

**ANSWER OF MASSACHUSETTS INSURERS INSOLVENCY FUND
TO THIRD-PARTY COMPLAINT**

Pursuant to Fed. R. Civ. P. 8 and 14, the Massachusetts Insurers Insolvency Fund (the

"Fund") responds to the numbered paragraphs of the Third-Party Complaint filed by Third-Party

Plaintiff Atlanta International Insurance Company, formerly known as Drake Insurance Company of New York ("Atlanta"), as follows:

1.     The Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2.     Paragraph 2 contains legal conclusions to which no response of the Fund is required. To the extent that a response is required of the Fund, the Fund states that the Fund is governed by the provisions of G.L. c. 175D and to the extent that the allegations of Paragraph 2 are inconsistent with, or mischaracterize, those provisions, they are denied.

3.     Paragraph 3 contains legal conclusions to which no response of the Fund is required. To the extent that a response is required of the Fund, the Fund states that the Fund is governed by the provisions of G.L. c. 175D and to the extent that the allegations of Paragraph 3 are inconsistent with, or mischaracterize, those provisions, they are denied.

4.     Paragraph 4 contains legal conclusions to which no response of the Fund is required. To the extent that a response is required of the Fund, the Fund states that the Fund is governed by the provisions of G.L. c. 175D and to the extent that the allegations of Paragraph 4 are inconsistent with, or mischaracterize, those provisions, they are denied.

5.     Paragraph 5 contains legal conclusions to which no response of the Fund is required. To the extent that a response is required of the Fund, the Fund states that the Fund is governed by the provisions of G.L. c. 175D and to the extent that the allegations of Paragraph 5 are inconsistent with, or mischaracterize, those provisions, they are denied.

6.     Paragraph 6 contains legal conclusions to which no response of the Fund is required. To the extent that a response is required of the Fund, the Fund states that the Fund is

governed by the provisions of G.L. c. 175D and to the extent that the allegations of Paragraph 6 are inconsistent with, or mischaracterize, those provisions, they are denied.

7.     Denied.

8.     Denied.

9.     Paragraph 9 contains legal conclusions to which no response of the Fund is required. To the extent that Paragraph 9 may be construed to contain factual allegations against the Fund which require a response, they are denied.

10.     The Fund admits that in 1996, plaintiff A.W. Chesterton Company ("Chesterton") commenced a civil action against certain of Chesterton's first-layer excess liability carriers and the Fund in Middlesex Superior Court, the Commonwealth of Massachusetts, Civil Action No. 96-4871 (the "1996 action"). Responding further, the Fund states that the 1996 action is a matter of public record which speaks for itself, and to the extent that the allegations of Paragraph 10 are inconsistent with, or mischaracterize, the 1996 action, they are denied.

11.     The Fund states that the 1996 action is a matter of public record which speaks for itself, and to the extent that the allegations of Paragraph 10 are inconsistent with, or mischaracterize, the 1996 action, they are denied.

12.     The Fund admits that Atlanta, Fireman's Fund Insurance Company ("Fireman's Fund") and St. Paul Fire & Marine Insurance Company ("St. Paul") were not parties to the 1996 action. The Fund is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12.

13.     The Fund admits that it was a defendant in the 1996 action and that Midland Insurance Company ("Midland"), which is now insolvent, issued certain first-layer excess liability insurance policies (the "Midland Policies") to Chesterton. The Fund is without

BOS1570391.2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13.

14.     Admitted.

15.     The Fund states that the 1996 action is a matter of public record which speaks for itself, and to the extent that the allegations of Paragraph 15 are inconsistent with, or mischaracterize, the 1996 action, they are denied.

16.     Paragraph 16 contains a description of the allegations of the Second Amended Complaint to which no response of the Fund is required.  Responding further, the Fund states that the allegations of the Second Amended Complaint speak for themselves, and to the extent that the allegations of Paragraph 16 are inconsistent with, or mischaracterize, those allegations, they are denied.

17.     Paragraph 17 contains a description of the allegations of the Second Amended Complaint to which no response of the Fund is required.  Responding further, the Fund states that the allegations of the Second Amended Complaint speak for themselves, and to the extent that the allegations of Paragraph 17 are inconsistent with, or mischaracterize, those allegations, they are denied.

18.     The Fund admits that it contends that Atlanta is obligated under the Atlanta Policy to pay defense costs in addition to the policy limits.  The Fund denies the remaining allegations of Paragraph 18.

19.     The Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     The Fund is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.    The Fund admits that Atlanta seeks a declaratory judgment in this action that the Atlanta Policy be declared not to provide any obligation to defend Chesterton or to pay Chesterton's defense costs, but denies that Atlanta is entitled to such relief.

**COUNT ONE**
**DECLARATORY JUDGMENT**

22.    The Fund repeats and incorporates by reference its responses to Paragraphs 1 through 21, above, as if fully set forth herein.

23.    The Fund admits that there is an actual controversy between Chesterton and the Fund, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23.

24.    The Fund states that the prior pleading filed in this action is a document which speaks for itself, and to the extent that the allegations of Paragraph 24 are inconsistent with, or mischaracterize, the prior pleading, they are denied.

25.    Paragraph 25 contains a description of the declaratory relief sought by Atlanta to which no response of the Fund is required. To the extent that Paragraph 25 may be construed to contain factual allegations against the Fund which require a response, they are denied.

26.    Paragraph 26 contains a description of the declaratory relief sought by Atlanta to which no response of the Fund is required. To the extent that Paragraph 26 may be construed to contain factual allegations against the Fund which require a response, they are denied.

**DEFENSES**

The Fund hereby raises the following defenses and reserves the right to raise any and all other defenses.

BOS1570391.2

- 6 -

**First Defense**

The Court lacks subject matter jurisdiction over this action because of the absence of complete diversity of citizenship between the parties required by 28 U.S.C. § 1332 and because there is no other basis for subject matter jurisdiction.

**Second Defense**

The Third-Party Complaint fails to state a claim against the Fund upon which relief can be granted, because the definition of "covered claim" in G.L. c. 175D, § 1, expressly excludes "any amount due . . . any insurer," and the Fund is therefore barred from paying any claim if the ultimate beneficiary is an insurer.

**Third Defense**

The Third-Party Complaint fails to state a claim against the Fund upon which relief can be granted, in that, under G.L. c. 175D, the Fund has no obligation to Chesterton with respect to any claim if any solvent insurer is obligated to provide coverage with respect to any such claim or if any such claim is paid from any source.

**Fourth Defense**

The Court lacks jurisdiction over the subject matter of the Third-Party Complaint to the extent that it does not present a justiciable case or controversy between Atlanta and the Fund.

**Fifth Defense**

The Third-Party Complaint should be dismissed, in whole or in part, on the grounds that Chesterton and/or Atlanta have failed to join all necessary and indispensable parties whose joinder is required under Fed. R. Civ. P. 19 including, without limitation, any insurance company that issued a liability policy for which coverage might be available for one or more of the claims asserted in the Complaint.

**Sixth Defense**

The Third-Party Complaint against the Fund is barred, in whole or in part, by the doctrines of res judicata, claim preclusion, merger and bar, collateral estoppel and/or issue preclusion.

**Seventh Defense**

The Third-Party Complaint against the Fund may be barred, in whole or in part, by the doctrines of laches and unclean hands.

**Eighth Defense**

The Third-Party Complaint against the Fund may be barred, in whole or in part, by the doctrines of waiver and estoppel.

**Ninth Defense**

The Fund reserves the right to assert additional defenses after discovery is conducted and Atlanta and/or Chesterton particularize their claims against the Fund.

WHEREFORE, the Fund requests that this Court:

1.    Dismiss the Third-Party Complaint with prejudice;

2.    Award the Fund its attorneys' fees and costs of defending this action; and

3.    Grant the Fund such other and further relief as the Court deems just and proper.

BOS1570391.2

Respectfully submitted,

MASSACHUSETTS INSURERS
INSOLVENCY FUND,

By its attorneys,


_____/s/ G. Deschenes_____
Joseph C. Tanski (BBO #492180)
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000


Dated:  February 28, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper will copies will be sent to those indicated as non registered participants, if any, on February 28, 2006.


_____/s/ Gregory P. Deschenes_____
Gregory P. Deschenes

BOS1570391.2