UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| A.W. CHESTERTON COMPANY, INC., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 04-CV-12501 GAO |
| ST. PAUL FIRE & MARINE INSURANCE CO., | ) |
| Defendant. | ) |

**THIRD-PARTY DEFENDANT MASSACHUSETTS INSURERS
INSOLVENCY FUND'S RESPONSE TO PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT AND REMAND**

Third-Party defendant Massachusetts Insurers Insolvency Fund ("Fund") hereby responds to A.W. Chesterton, Inc.'s ("Chesterton") Second Motion for Leave to Amend Complaint and to Remand ("Motion") and Fireman's Fund Insurance Company ("Fireman's") Opposition thereto. Resolution of the issues asserted in the proposed Third Amended Complaint directly affect the rights and defenses of the Fund. Atlanta International Insurance Company, formerly Drake Insurance Co. of New York ("Atlanta"), Fireman's co-defendant, recognized this when Atlanta filed its third-party complaint against the Fund. Complete relief cannot be afforded to all the parties without allowing Chesterton's direct claim against the Fund and aligning the Fund to be the defendant the Fund should be. The Motion should, therefore, be granted. Because doing so,

however, will destroy diversity jurisdiction, the matter must be remanded to the Massachusetts Superior Court pursuant to 28 U.S.C. § 1447(e).[1]

## ARGUMENT

**I.  THE FUND IS AN INDISPENSABLE PARTY AND MUST BE REALIGNED AS A DEFENDANT.**

Resolution of Chesterton's motion is governed by 28 U.S.C. § 1447(e). As the First Circuit explained in Casas Office Machines, Inc. v. Mita Copystar America, Inc., 42 F.3d 668, 675 (1994):

> If the defendant is indispensable, the district court's choices are limited to denying joinder and dismissing the action pursuant to Fed. R. Civ. P. 19, or else allowing joinder and remanding the case to the state court pursuant to § 1447(e). [citation omitted] If, on the other hand, the defendants is dispensable, the district court has the options, pursuant to § 1447(e), of denying joinder and continuing its jurisdiction over the case, or permitting joinder and remanding the case to state court.

Because Chesterton seeks a declaratory judgment as to the parties' rights and obligations under certain insurance contracts and the Fund will be affected by such declaration, the Fund is an indispensable party. See Diamond Shamrock Corp. v. Lumbermens Mut. Cas. Co., 416 F.2d 707, 710 (7th Cir. 1969) ("To avoid a partial disposition of a controversy, all persons who have an interest in the determination of the questions raised in the declaratory judgment suit should be before the court."); Robinson v. Commissioner of Jurors, 419 F. Supp. 1189, 1191 (S.D.N.Y. 1976) (same) (citing Diamond Shamrock); cf. Casas Office Machs., 42 F. 3d at 677 (finding proposed defendant dispensable due to plaintiff's waiver of its claim for declaratory relief).

---

[1] Fireman's appears to concede that if the Fund is joined as a defendant the matter must be remanded. (See Fireman's Opposition passim). The Fund agrees with this analysis and therefore limits its response to the issue of whether the Fund must or should be realigned as a defendant.

Given Chesterton's request for declaratory relief and Drake's assertion of claims against the Fund, the Fund is an indispensable party and remand is required.

      A.      <u>Resolution of the Insurers' Duty to Defend Requires the Fund be Joined.</u>

The Fund must be joined because a determination of the rights and obligations with respect to Fireman's and Atlanta's policies affects the rights and responsibilities of the Fund. Specifically, each of the policies provide that the insurer will pay, in addition to its indemnification limits, defense and investigation costs in certain circumstances. (<u>See</u> Proposed Third Amended Complaint and Demand for Jury Trial, Ex. A, ¶ 4 at AWC004810; Ex. B, ¶ 15 at AWC0045793.) Chesterton alleges that these provisions require Fireman's and Atlanta to pay for certain defense costs. (Proposed Third Amended Complaint and Demand for Jury Trial, ¶¶ 22 and 36.) The Fund agrees with this position, but Fireman's and Atlanta deny they have any defense cost obligation. Because the Fund has no obligation to defend Chesterton until Chesterton has exhausted all available solvent policies which pay for defense costs in excess of indemnity limits, resolution of the defense cost issue directly affects all proposed parties.

If Chesterton is not allowed to assert claims directly against the Fund, the Fund will not be bound by any coverage determination that this Court makes. Instead, Chesterton will be required to institute a second action to establish the Fund's current duty to defend. The result, therefore, of not aligning the Fund to be a defendant will be unnecessary delay of the final resolution of important matters and possible inconsistent judicial determinations. <u>See</u> <u>Hensgens v. Deere & Co.</u>, 833 F.2d 1179, 1182 (5th Cir. 1987) (listing threat of multiple litigation as factor to consider in permitting joinder under 28 U.S.C. § 1447(e) (cited by <u>Casas Office Machs.</u>, 42 F.3d at 675 n.8). Accordingly, the Court should align the Fund to be a defendant to conserve judicial resources and avoid multiple litigation of a single issue.

B.  Resolution of Fireman's Indemnity Obligation Requires the Fund be Joined.

The Fund must also be joined because a determination of Fireman's indemnity obligation affects the rights and responsibilities of the Fund. Pursuant to the decision rendered by the Massachusetts Supreme Judicial Court, the Fund must indemnify Chesterton upon Chesterton establishing that Chesterton has exhausted all available solvent indemnification coverage. Before any exhaustion determination can be made, there must be a determination of total available indemnity coverage. Here, the parties seek a declaration as to total indemnity coverage under the policies. Specifically, Chesterton and Fireman's dispute the aggregate and "stub" limits available under the policy Fireman's issued. (Proposed Third Amended Complaint and Demand for Jury Trial, ¶32.) Resolution of that issue directly affects the Fund. Again, any determination here of the stub and aggregate limit policy issues without the Fund being bound by such a decision will result in a second litigation on these issues. Accordingly, the Fund should be joined so as to avoid duplicate litigation of these issues.

## II. THIS COURT SHOULD EXERCISE ITS DISCRETION TO MAKE THE FUND A DEFENDANT.

Even if the Fund is not an indispensable party, which it is, the Court should exercise its discretion to align the Fund as a defendant so as to avoid multiple litigations concerning the same issues and avoid the possibility of inconsistent judgment. See Casas Office Machs., 42 F.3d at 677 ("That [proposed defendants] are dispensable to this action does not, in and of itself, compel their dismissal.") As detailed above, the Fund has a strong interest in resolution of certain issues in this case. Should the court deny realignment, the Fund will not be bound by any judgments or determinations made in this matter vis-à-vis Chesterton, thereby necessitating re-litigation of those matters. See South Cent. Bell Tel. Co. v. Alabama, 526 U.S. 160, 167 (1999) (holding that

collateral estoppel cannot be utilized against a "stranger" to an earlier action); Eagle-Picher Indus., Inc. v. Liberty Mut. Ins. Co., 682 F.2d 12, 16 n.1 (1st Cir. 1982) (holding that "disposition of this case cannot be legally binding on non-parties.") (citing Diamond Shamrock). The Fund should be realigned so as to avoid needlessly litigating these issues in a second action.

## CONCLUSION

For the foregoing reasons, realignment of the Fund in this matter is both necessary and appropriate. Resolution of certain contested issues in this matter directly affects the rights and responsibilities of the Fund. Moreover, if the Fund is not realigned and Chesterton's claims against the Fund are not permitted, it will result in duplicate litigation over the same issues, wasting judicial resources and presenting the possibility of inconsistent results. Pursuant to 28 U.S.C. § 1447(e), this Court should find that the Fund must be made a party defendant and/or exercise the Court's discretion to realign the Fund. In either case the action should be remanded to state court.

MASSACHUSETTS INSURERS
INSOLVENCY FUND,

By its attorneys,

    /s/ Gregg A. Rubenstein
Joseph C. Tanski (BBO #492180)
Gregory P. Deschenes (BBO #550830)
Gregg A. Rubenstein (BBO #639680)
NIXON PEABODY LLP
100 Summer Street
Boston, Massachusetts 02110
(617) 345-1000

Dated: March 24, 2006

- 6 -

## CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper will copies will be sent to those indicated as non registered participants, if any, on March 24, 2006.

                                            /s/ Gregg A. Rubenstein
                                             Gregg A. Rubenstein